**Dominic M. CAVALIERE,
Plaintiff–Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,
Defendant–Appellee.**

**Nos. 92–2678, 92–2711.**

United States Court of Appeals,
Eleventh Circuit.

July 30, 1993.

**1112**

Mark F. Kelly, Kelly, McKee, Herdman & Ramus, P.A., Charleen Catherine Ramus, Tampa, FL, for plaintiff-appellant.

R. David de Armas, Rumberger, Kirk & Caldwell, P.A., Darryl L. Gavin, Lori J. Caldwell, Orlando, FL, for defendant-appellee.

Before EDMONDSON and CARNES, Circuit Judges, and HILL, Senior Circuit Judge.

CARNES, Circuit Judge:

Plaintiff Dominic Cavaliere appeals two orders of the district court. The first order denied Cavaliere's motion for new trial as untimely by two days, rejecting Cavaliere's contention that Rule 6(e) entitled him to three extra days for the filing of that motion. The second order denied Cavaliere's untimely motion for leave to file a late notice of appeal, and also denied Cavaliere's alternative request for relief from the final judgment. We affirm the decisions of the district court as to both orders.

## I. BACKGROUND

Following termination of his employment by Allstate Insurance Company, Cavaliere filed a complaint in state court alleging negligence, slander, and promissory estoppel. The case was removed on diversity grounds to federal district court where Cavaliere suffered a jury verdict in favor of Allstate. Final judgment was entered by the clerk on March 24, 1992.

Cavaliere filed a motion for new trial on April 9, 1992, which was two days after the ten-day period under Fed.R.Civ.P. 59(b) had run. The district court denied this motion as untimely, and added that even if the motion had been timely, it would have denied the motion on the merits.

On June 17, 1992, eighty-five days after final judgment had been entered, Cavaliere filed a motion for extension of time to file his notice of appeal. The court held that this motion was not timely, and it also held that Cavaliere had failed to establish the "excusable neglect or good cause" requirement of Fed.R.App.P. 4(a)(5). In the alternative, Cavaliere also requested the district court to grant relief from the final judgment under Fed.R.Civ.P. 60(b). The district court denied that relief.

## II. DISCUSSION

### A. THE MOTION FOR NEW TRIAL

The district court explained that "[e]xcluding intermediate Saturdays, Sundays and legal holidays, Fed.R.Civ.P. 6(a), the motion [for a new trial] was required to

be served by April 7, 1992. The subject motion was not served until April 9, 1992." Cavaliere does not contest this calculation. Instead, he argues that the motion was filed late "because [Cavaliere's] counsel, in good faith, interpreted the Rules of Civil Procedure as giving [Cavaliere] an additional three days for filing a motion for new trial under Rule 6(e)." Federal Rule of Civil Procedure 6(e) provides:

> **Additional Time After Service By Mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Cavaliere's argument runs as follows: Under Rule 77(d), the court clerk was required to serve the judgment on Cavaliere by mail; Cavaliere had the "right" to file his motion for a new trial "within a prescribed period"; therefore, Cavaliere was entitled to three extra days. Cavaliere cites no authority to support his argument and recognizes that "there is no case law in the Eleventh Circuit addressing the issue of whether Rule 6(e), regarding three additional days for filing, is applicable to Rule 59(b)."

We review a district court's denial of a motion for a new trial for "a clear abuse of discretion." *Wolff v. Allstate Life Ins. Co.,* 985 F.2d 1524, 1528 (11th Cir.1993). The time limitation for service of a motion for a new trial is prescribed in Fed.R.Civ.P. 59(b) which provides: "A motion for a new trial shall be served not later than 10 days after the entry of the judgment." Rule 59(b) must be considered in conjunction with Fed. R.Civ.P. 6(b) which permits a district court to "enlarge" the period for a required action, but adds the limitation that a court "may not extend the time for taking any action under Rule[ ] ... 59(b) ... except to the extent and under the conditions stated in [that rule]." This Court has "stressed repeatedly the jurisdictional, non-discretionary character of the Rule 6(b) admonition regarding the filing deadlines for such post-trial motions." *Pinion v. Dow Chemical, U.S.A.,* 928 F.2d 1522, 1526 (11th Cir.), *cert. denied,* — U.S. —,

112 S.Ct. 438, 116 L.Ed.2d 457 (1991). Moreover, the rule regarding time limits for a motion for new trial is firmly embedded in our case law: "The ten day period for serving new trial motions is jurisdictional and cannot be extended in the discretion of the district court." *Pate v. Seaboard R.R., Inc.,* 819 F.2d 1074, 1084 (11th Cir.1987); *accord Gribble v. Harris,* 625 F.2d 1173, 1174 (5th Cir.1980); *Martin v. Wainwright,* 469 F.2d 1072, 1073 (5th Cir.1972), *cert. denied,* 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973). Thus, unless Rule 6(e) is applicable to Rule 59(b) new trial motions, the district court had no discretion to grant Cavaliere's motion.

Unfortunately for Cavaliere, there is no interplay between Rules 6(e) and 59. While this Court has not examined the relationship between Rules 6(e) and 59, at least two other circuits have rejected the argument offered by Cavaliere. In a case similar to the one before this Court, the Third Circuit was required to decide whether an appeal was timely noticed where the defendant's motion to alter or amend the judgment was filed beyond the ten days permitted by Rule 59(e) for filing such motions. *Sonnenblick–Goldman Corp. v. Nowalk,* 420 F.2d 858 (3d Cir. 1970). The service provisions under Rules 59(b) and 59(e) are identical. As in the instant case, the defendant urged in *Nowalk* that dismissal of the appeal "may be overcome by applying Rule 6(e)." *Id.* at 860. The Third Circuit rejected this argument:

> Prior decisions of this court appear to foreclose our consideration of this question. Rule 6(b), F.R.Civ.P., has been determined to render a court without power to extend the time for service of motions under ... Rule 59(e).... In addition, while Rule 77(d), F.R.Civ.P., requires the Clerk to notify the parties by mail of the entry of judgment, it states that the lack of notice does not affect the time in which to appeal. Further, it appears that filing of a motion such as defendant's is not conditioned upon notice of entry of judgment. We conclude that Rule 6(e) has no application in this situation and did not extend the time for service of the motion.

*Id.*

In considering the effect of an untimely motion for reconsideration of the denial of a

habeas petition, the First Circuit reached the same conclusion:

> A second alleged ground for rehearing is a plea to add the three-day grace period described in Rule 6(e), Fed.R.Civ.P., to the time allowed for filing a Rule 52 or 59 motion. The problem with this argument is that Rules 52 and 59 both provide that the 10 days within which a motion for reconsideration must be filed begins to run from "entry of judgment" rather than from receipt of notice and Rule 6(b), Fed.R.Civ.P., prohibits enlargement of such time.

*Flint v. Howard*, 464 F.2d 1084, 1087 (1st Cir.1972). District court cases are in accord. *See, e.g., Shults v. Henderson*, 110 F.R.D. 102, 104–05 (W.D.N.Y.1986) (Time for filing a motion for a new trial under Rule 59(b) or, alternatively, to alter or amend the judgment under Rule 59(e) cannot be extended by reliance on Rule 6(e).); *Davis v. Lukhard*, 106 F.R.D. 317, 318 (E.D.Va.1984) (holding that a Rule 59(e) motion was untimely because "[t]he additional three days provided by Rule 6(e) do not apply to judgments which are not the subject of 'service,' whether or not the mails were used to transmit the judgment from the Clerk to a party"), *cert. denied*, 479 U.S. 868, 107 S.Ct. 231, 93 L.Ed.2d 157 (1986).

We agree with the First and Third Circuits and hold that Rule 6(e)'s three-day provision is inapplicable to service deadlines for new trial motions under Rule 59(b). Because the district court had no discretion to consider Cavaliere's tardy motion for a new trial, it certainly follows that the court did not abuse its discretion in denying that motion.

## B. THE MOTION FOR LEAVE OF COURT TO FILE A LATE NOTICE OF APPEAL

■ Cavaliere relies on his counsel's "good faith, erroneous[ ]" interpretation of Fed.R.Civ.P. 6(e) to argue that his counsel's failure to file a timely notice of appeal constituted "excusable neglect" under Fed.R.App.P. 4(a)(5). The district court disagreed, and so do we. The express provisions of Rule 4 foreclose Cavaliere's contention.

Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal "shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." This Court has previously observed that "[f]iling an appeal within the thirty day time limit has been construed as a mandatory precondition to this Court's exercise of jurisdiction." *Borio v. Coastal Marine Constr. Co.*, 881 F.2d 1053, 1055 (11th Cir.1989).

Fed.R.App.P. 4(a)(4) and 4(a)(5) provide mechanisms that mitigate the potential harsh effects of Rule 4(a)(1). The pertinent part of Rule 4(a)(4) provides that "[i]f a timely motion ... is filed ... under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion." Having held that Cavaliere's motion for a new trial was untimely, we must also find that the appellate clock was not tolled, because "although a *timely* motion for a new trial will prevent the running of the sixty day delay period for appeal, an *untimely* motion will not." *Gribble v. Harris*, 625 F.2d 1173, 1173 (5th Cir.1980) (emphasis in original).

Rule 4(a)(5), which addresses the situation where a party has failed to meet its filing deadline, provides no refuge for Cavaliere:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

In this case, Cavaliere not only failed to meet the first thirty-day deadline for a timely notice of appeal, he also failed to meet the second thirty-day deadline for filing a motion for an extension of time upon a showing of "excusable neglect or good cause." Thus, under the rules, Cavaliere was not even entitled to file his motion for an extension of time to file his notice of appeal, and thereby initiate the "excusable neglect or good cause" inquiry of Rule 4(a)(5). Cavaliere cites no cases that even hint that a court may entertain a Rule 4(a)(5) motion filed beyond the expiration of the consecutive thirty-day periods discussed in Rule 4, and we have found no such cases. Cavaliere is, therefore, enti-

tled to no relief under Fed.R.App.P. 4(a)(1) or (5), and the district court had no choice but to deny his motion.

## C. THE MOTION FOR RELIEF FROM JUDGMENT

Cavaliere argues that this Court should "do justice" by reversing the district court's July 9, 1992 order denying relief under Rule 60(b). Cavaliere did take a timely appeal from that order. Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

It is true that "Rule 60(b) is to be given a liberal and remedial construction." *Nisson v. Lundy*, 975 F.2d 802, 807 (11th Cir.1992). It is equally true, however, that "[t]he well-recognized rule ... precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal." *Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127, 1128 (5th Cir. 1975). In reviewing the appeal of this order, this Court may only consider whether the district court abused its discretion in denying relief under Rule 60(b). "[T]he appeal does not bring up the underlying judgment for review." *Glass v. Seaboard Coast Line R.R. Co.*, 714 F.2d 1107, 1109 (11th Cir.1983). Moreover, Cavaliere "must prove some justification for relief." *Solaroll Shade and Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir.1986). He "cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order." *Id.; see also Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984) ("[I]t is not enough that a grant of the [Rule 60(b) motion] might have been permissible or warranted; rather, the decision to deny the motion[ ] must have been sufficiently unwarranted as to amount to an abuse of discretion.").

■ Cavaliere apparently relies on both subsections (b)(1) and (b)(6) of Rule 60. This Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error. In *Solaroll Shade*, the appellant claimed that the "oversight" of its counsel in failing to respond to a motion was excusable neglect under Rule 60(b)(1). This Court rejected that argument even though such a result "appear[ed] to penalize innocent clients for the forgetfulness of their attorneys." *Solaroll Shade*, 803 F.2d at 1132; *see also Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1020 (11th Cir.1982) ("A party simply cannot purposely improvise the rules of procedure ... and later ask the court to set aside its summary judgment on damages under Rule 60(b)...."). We decline to find that the district court abused its discretion, particularly in light of the fact that ample case law existed to alert counsel to the shortcomings of their Fed.R.Civ.P. 6(e) argument.

■ To the extent Cavaliere's argument is based on the catch-all provision of Rule 60(b)(6), this Court has observed "that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin*, 722 F.2d at 680; *see also Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir.1986). In addition, "this Court consistently has held that 60(b)(1) and (b)(6) are mutually exclusive. Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Solaroll Shade*, 803 F.2d at 1133. Because Cavaliere's reliance on a mistaken interpretation of law fits more naturally under Rule 60(b)(1), relief under (b)(6) is unavailable.

Moreover, the present case does not present the kind of equitable factors that warrant Rule 60(b) relief. First, there is no suggestion that the district court clerk failed to notify the parties of the judgment. Second, ample case law existed to put an attorney on notice that the Rule 6(e) interpretation relied upon by Cavaliere's counsel was not the generally accepted view. Third, while Cavaliere's counsel may have had a good faith belief in their Rule 6(e) calculation, this fails

to explain their lack of diligence after they were given cause to believe they were in error. During the time in which a motion under Rule 4(a)(5) would have been timely, Allstate's opposition to Cavaliere's new trial motion pointed out the error of Cavaliere's position, yet Cavaliere still let the time for filing a Rule 4(a)(5) motion lapse. Finally, Allstate would have been prejudiced had the district court granted relief under Rule 60(b). The district court did not abuse its discretion in denying the Rule 60(b) motion.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.