[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11188
Non-Argument Calendar

_____

D. C. Docket No. 01-08980-CV-KLR

CLARENCE DEMETRIUS TATE,

Plaintiff-Appellant,

versus

ROGER D. BEAR,
STEPHEN J. BERLINSKY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 27, 2005)

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Clarence Demetrius Tate, a California prisoner, appeals the district court's denial of his Fed.R.Civ.P. 60(b)(1) motion for relief from an earlier order dismissing his civil complaint. On appeal, Tate argues that the district court abused its discretion by denying his Rule 60(b) motion as untimely because, under Rule 60(b)(6), relief may be granted for any reason justifying relief and need not be requested within a specific time period. Tate also argues that the district court abused its discretion by not allowing him to withdraw funds on a monthly basis from his trust account in order to satisfy court filing fees. He further challenges the district court's denial of his original civil complaint.

We review the district court's denial of relief under Rule 60(b) for an abuse of discretion. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). Under Rule 60(b)(1), a party may file a motion for relief from a judgment or order based on mistake, inadvertence, surprise, or excusable neglect within one year from the date when the district court entered the judgment or order. Fed.R.Civ.P. 60(b)(1). Under Rule 60(b)(6), a party may move for relief from judgment within a reasonable time, for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). We have indicated that relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th

2

Cir. 1984); *see also Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000).

Because the record demonstrates that Tate's motion was filed nearly two years after the district court dismissed his original complaint, we conclude that the district court did not abuse its discretion by denying the motion as untimely. Accordingly, we affirm the district court's order.

**AFFIRMED.**