[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-11940
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2005
THOMAS K. KAHN
CLERK

District Court No. 04-21733-CV-UUB


YVETTE HOLMES CANNON,


Plaintiff-Appellant,

versus

CARNIVAL CRUISE LINES,
a/k/a Carnival Corporation,


Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 6, 2005)


Before BLACK, PRYOR and HILL, Circuit Judges.

PER CURIAM:

On May 10, 2005, a two-judge panel of this court dismissed the plaintiff-appellant's appeal in part. It found that the appeal was untimely filed as to the district court's order of October 14, 2004, dismissing the complaint without prejudice, for failure to timely respond to the order to show cause, and its order of October 20, 2004, denying plaintiff-appellant's motion for reconsideration. We are without jurisdiction to consider either of these two orders. Fed.R.App.P. 4(a)(1)(A), (a)(4); *see Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990).[1]

The panel did allow, however, this appeal to proceed in part. It found that the notice of appeal was timely filed as to a third order of the district court, that filed March 11, 2005, denying plaintiff-appellant's construed Fed.R.Civ.P. 60(b) motion for relief from judgment. *See Rice v. Ford Motor Co.*, 88 F.3d 914, 918-19 (11th Cir. 1996)(the denial of a Fed.R.Civ.P. 60(b) motion is separately appealable).

---

[1] A second motion for reconsideration was filed on October 28, 2004, and denied by the district court on December 30, 2004.

Our jurisdiction is limited to whether or not the district court abused its discretion in this third order, denying the plaintiff-appellant's motion for relief from judgment for the third time. It does not extend to a consideration of the validity of the underlying judgment. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

Under the federal rules of civil procedure, a court may relieve a party from an order for mistake, inadvertence, surprise, excusable neglect or any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b)(1), 60(b)(6). Here the plaintiff-appellant argues that manifest injustice will result if she does not have her day in court due to excusable neglect, *i.e.*, a clerical error in her attorney's office resulting in her failure to file a timely scheduling report as ordered by the district court.[2]

Counsel now complains in the third motion that plaintiff-appellant's alleged personal injury claims are now time-barred under the terms of her cruise passenger ticket. The district court correctly noted that this is not grounds for reconsideration

---

[2] Counsel failed to comply with two pretrial deadlines and failed to move to enlarge these deadlines prior to their expiration. Counsel also failed to show cause for his failure to comply with the orders of the district court. (The 'excusable neglect of clerical error' offered in the third motion for reconsideration is the same 'excusable neglect of clerical error' offered in the first and second motions for reconsideration and ruled upon in two earlier orders of the district court that are not before us.)

as the terms of the ticket were known to counsel at the time the earlier two motions were filed. It also noted that counsel should have exercised special caution so as not to jeopardize his client's claim as the complaint was filed just as the limitations period set by the ticket was expiring.

The district court correctly found that the plaintiff-appellant had failed to enumerate any new grounds for reconsideration required by the federal rules. It did not abuse its discretion in making this determination. *See Cavaliere*, 996 F.2d at 1115.

The judgment of the district court is

AFFIRMED.