[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2006
THOMAS K. KAHN
CLERK

No. 05-13723
Non-Argument Calendar

_____

D. C. Docket No. 03-00104-CV-1-MMP-AK

ANNETTE WILLIAMS,

Plaintiff-Appellant,

versus

NORTH FLORIDA REGIONAL MEDICAL CENTER, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 26, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Annette Williams, appeals, through counsel, the denial of her pro se motion

for reconsideration of the district court's order granting summary judgment to North Florida Regional Medical Center (the Center) in her employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).[1] Williams contends that she demonstrated grounds for relief under Federal Rule of Civil Procedure 60(b)(2) based on newly discovered evidence. Alternatively, she contends that she is entitled to relief under 60(b)(6) based on exceptional circumstances.

## I.

The Center filed a motion for summary judgment to which Williams failed to timely respond. Because Williams was proceeding pro se, the district court issued a separate order explaining Williams' burden in opposing a motion for summary judgment and giving Williams more time to file a response. The district court explained that Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The district court also explained that a plaintiff establishes a prima facie case of discriminatory discharge under Title VII by showing that: (1) she is a member of a protected class, (2) she was

---

[1] This Court dismissed sua sponte Williams' appeal of the district court's order granting summary judgment in favor of the Center because Williams' notice of appeal was untimely.

2

subjected to an adverse employment action, (3) her employer treated similarly situated employees outside her classification more favorably, and (4) she was qualified to do the job. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). After outlining this framework in detail, the court explicitly cautioned that lack of proof on element three was "often the deciding factor in employment discrimination claims": "it is essential that plaintiff identify and offer proof regarding the actual individuals who plaintiff feels were similar to plaintiff—in terms of experience, conduct, disciplinary record, job qualifications, etc.,—but were treated less harshly than plaintiff on account of race."

After Williams responded to the motion for summary judgment, the Center argued that Williams did not establish a prima facie case of employment discrimination because she did not satisfy element three, that a similarly situated employee outside her protected class was treated more favorably than she was treated. The district court agreed and granted summary judgment in favor of the Center.

Williams filed a motion for reconsideration based on "misinterpretation of factual evidence" under Rule 60(b) identifying Judy Mader as a similarly situated white employee who was treated more favorably than Williams. Williams asserted that ten years before Williams was fired, Mader allegedly distributed racially

offensive materials. At that time, Williams received a copy of the materials, forwarded them to Mader's supervisor, and was assured that the matter would be addressed. Williams argued that Mader was treated more favorably because Williams was fired after telling a fellow employee that she was acting like "trailer trash," but Mader was merely suspended as a result of her conduct. The district court denied the motion for reconsideration because Williams "simply rehashe[d] her previous arguments" without showing "she was treated more harshly than anyone outside the protected class who was similarly situated to her."

**II.**

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Crapp v. City of Miami Beach, 242 F.3d 1017, 1019 (11th Cir. 2001). A district court abuses its discretion when it makes an error of law. Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005).

Federal Rule of Civil Procedure 60(b) allows a party to request relief from a final judgment. The Rule 60(b) movant cannot prevail simply because the district court could have vacated its order; instead the appellant must "demonstrate a justification so compelling that the court was required to vacate its order." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (citation and quotation marks omitted). Rule 60(b) outlines six bases for relief from a final

4

judgment and provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding [based on] . . . newly discovered evidence . . . or any other reason justifying relief." Fed. R. Civ. P. 60(b).

As to Williams' first contention, relief under 60(b)(2) based on newly discovered evidence requires all of the following: (1) the evidence must be newly discovered since the summary judgment order; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).

The district court did not abuse its discretion in denying Williams' motion for reconsideration because Williams has not submitted "newly discovered" evidence and, therefore, does not satisfy even the first requirement of 60(b)(2). The information concerning Mader was not new because Williams admitted in her motion for reconsideration that she had previous knowledge about the incident with Mader. Indeed, when the incident occurred, Williams reported it to Mader's supervisor. She was aware, or should have been, of the importance of this type of

5

information because the district court had apprised Williams of her burden in overcoming summary judgment, which included identifying similarly situated employees who were treated more favorably than she was treated. Because it is clear that Williams has not discovered any new evidence sufficient to warrant relief under 60(b)(2), we do not decide the issue of whether Williams has satisfied the other four requirements. Suffice it to say that we have doubts.

### III.

Nor is Williams entitled to relief under the catch-all provision in 60(b)(6), her alternative claim. If a situation falls more naturally under another 60(b) subsection, then 60(b)(6) cannot be used to justify relief. Cavaliere, 996 F.2d at 1115 (holding "a court cannot grant relief under (b)(6) for any reason which the court could consider under" any other 60(b) subsection). Here, even though she failed to prove the elements of 60(b)(2), her allegations of new evidence of a comparator fit more naturally under the new evidence prong of 60(b)(2) than into the catch-all category of 60(b)(6).

Moreover, relief under that 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Id. (internal citation and quotation marks omitted). Even after the district court issued a separate order for the sole purpose of explaining Williams' burden for opposing

summary judgment, Williams still neglected to include information she personally knew about Mader. Contrary to Williams' contention that we must draw upon our "grand reservoir of equitable power to do justice" in this case, we are confident that these facts to not rise to the requisite "exceptional circumstances" for relief under 60(b)(6). To find that this case is an exceptional circumstance would open the flood gates to reversals and remands allowing the "grand reservoir" of litigation to overflow. The rule neither allows nor intends such a deluge.

The district court did not abuse its discretion in denying Williams' motion for reconsideration because she showed no basis for relief under either 60(b)(2) or 60(b)(6).

**AFFIRMED**.