[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10132
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-22181-CV-JLK

LUIS RIVERA MONTERO,

Plaintiff-Appellant,

versus

JOHN E. POTTER, as Postmaster General
of the United States,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2006)

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Luis Rivera Montero appeals the district court's denial of his Federal Rule of Civil Procedure 60(b)(1) motion for relief from summary judgment as to his employment discrimination action, filed against John Potter, Postmaster General of the United States (Post Office), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). He asserts the district court abused its discretion in denying his motion for relief from the judgment based upon "excusable neglect."[1]

We review the district court's denial of relief under Rule 60(b) for abuse of discretion. *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1304 n.4 (11th Cir. 2000). We consider only the denial of relief as to the motion filed under Rule 60(b), not the underlying judgment. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (internal quotation and citation omitted).

A party may file a motion for relief from a judgment or order based upon "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To prevail on this ground, the appellant has the burden to demonstrate a justification so compelling the court was "required" to vacate its order. *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996). Generally, such relief "is an extraordinary remedy which may be invoked only upon a showing of exceptional

---

[1]Montero argues for the first time on appeal the district court erred in not setting aside the summary judgment order underlying his Rule 60(b)(1) motion on the basis that his attorney rendered ineffective assistance. We need not address this issue because we find the order denying post-judgment relief should be vacated for the reasons set forth herein.

circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

We have also held "where denial of relief [under Rule 60(b)] precludes examination of the full merits of the cause, even a slight abuse may justify reversal." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).[2]

In *Seven Elves*, we found the district court abused its discretion in failing to grant a Rule 60(b) motion where doing so was necessary to "accomplish justice" given the "truncated proceedings" that led to an entry of a judgment against the appellants, who also "did not appear, either personally or through an attorney" at the proceeding due to "unusual circumstances." *Seven Elves*, 635 F.2d at 403-04. The following factors were considered in reaching this determination:

> (1) [t]hat final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3

*Id.* at 402.

Applying the factors set forth in *Seven Elves* to the circumstances of this case, we find the district court's denial of relief was sufficiently "misaligned with the equities" as to warrant reversal. *See id.* at 402-03. First, Montero does not seek to use the Rule 60(b) motion in this case as a substitute for appeal. *See id.* at 402. His motion was brought within a "reasonable time" after the denial of the post judgment motion, as it was filed only seven days after the district court ordered summary judgment. *See id.* Further, the summary judgment order was entered in Montero's absence, prior to the taking of evidence by him, and without the requisite ten-day notice under Federal Rule of Civil Procedure 56(c), such that the extent to which he had an opportunity to present his case is at best unclear. *See id.* Accordingly, the proceedings before the district court were "truncated" such that "Rule 60(b) [should] be liberally construed in favor of trial on the full merits of the case." *Id.*

Finally, we note Hurricane Jeanne struck the area during the time the motion was pending, and in denying Montero's Rule 60(b)(1) motion, the district court failed to explain why the hurricane was not a basis for "excusable neglect." Rather, it cited as the basis for its ruling, first, its desire to reach a timely disposition of the case, and, second, its apparent determination that Montero's

4

failure to respond to the motion was the result of his attorney's oversight.  For the foregoing reasons, we find that the district court's denial of Montero's Rule 60(b)(1) motion was an abuse of discretion.  Accordingly, we vacate the district court's order that was entered on October 1, 2004, and remand for further proceedings.

VACATED AND REMANDED.