[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14848
Non-Argument Calendar

_____

D. C. Docket No. 96-01002-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEIR ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 4, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Keir Anderson, proceeding <u>pro</u> <u>se</u>, appeals the district court's denial of his

Federal Rule of Civil Procedure 60(b)(3) motion for return of property, a 1988

Jaguar XJ6 automobile, and for relief from previous orders of the district court denying him return of that property, which had been declared administratively forfeited on 22 July 1997 by the Drug Enforcement Administration. On appeal, Anderson argues that the district court erred by denying his Rule 60(b) motion without addressing its merits. The order by the district court stated, "Anderson's Motion for Return of Property is Denied. The Court has denied the Defendant's request for relief on prior occasions." R1-205 (emphasis removed).

We expect district courts to cite legal authority when crafting dispositive orders. The court in this case failed to do so but implied that the doctrine of claim preclusion required denial of Anderson's motion. Reviewing the record, we find that Anderson submitted this Rule 60 motion twice. See R1-191; R1-201. Both of these Rule 60 motions asked the district court to review its prior judgment on the merits of Anderson's claim for his property under Federal Rule of Criminal Procedure 41. See R1-149. The first Rule 60 motion was submitted in July 2003, and the district court denied the motion. See R1-194.

Denial of a Rule 60(b) motion constitutes a final judgment for purposes of appeal. See Stone v. INS, 514 U.S. 386, 401, 115 S. Ct. 1537, 1547 (1995). Denial of that motion is therefore final for purposes of claim preclusion. First Ala. Bank of Montgomery, N.A. v. Parsons Steel, Inc., 825 F.2d 1475, 1480 & n.5

(11th Cir. 1987). In July 2005, when the same motion was made in the same court regarding a matter that was finally disposed of in a prior proceeding between the same parties, dismissal based on the doctrine of claim preclusion was appropriate.[1] Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003).

**AFFIRMED**.

---

[1] Insofar as Anderson is attempting to relitigate the denial of his Federal Rule of Criminal Procedure 41 motion, see R1-149, in this case that effort is also barred by claim preclusion. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003). To the extent that Anderson discovers new causes of action that he would argue justify the return of his car, those new claims are also barred by claim preclusion because litigants are required to bring all claims arising from the same set of operative facts in one action. Id. Finally, it would be anomalous for this Rule 60 motion to resuscitate the nonappeal of the final judgment in Anderson's original civil lawsuit after a period of two years. Rule 60 motions may not be used as a "substitute for a proper and timely appeal." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993).