[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15696
Non-Argument Calendar

_____

D. C. Docket No. 98-02659-CV-CC-1

EDWARD L. REASE,

Plaintiff-Appellant,

versus

AT&T CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 5. 2007)**

Before DUBINA, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

This case comes before us on the district court's denial of appellant Edward

L. Rease's motion for reconsideration. Rease, an African American male proceeding pro se, appeals the district court's denial of his motion for reconsideration after the district court granted summary judgment in favor of Rease's former employer, AT&T Corp ("AT&T"). Previously, we dismissed Rease's appeal in part because his notice of appeal was untimely as to the district court's order granting AT&T's summary judgment motion. We also ordered that the appeal could proceed as to the district court's order denying Rease's motion for reconsideration.

Rease argues on appeal that the district court erred by reopening discovery in his case, and ruling that his supplemental affidavit was a sham affidavit. Rease then argues that AT&T was not entitled to summary judgment, and addresses the merits of each of his failure-to-promote claims. Rease argues that the district court erred in making several conclusions in its order denying his motion for reconsideration, namely, that (1) his qualifications were based on his own personal opinion; (2) AT&T employee Cindy Zingarelli had six years of switched provisioning experience; (3) he relied on unauthenticated documents; and (4) AT&T employee Larry Ferguson was a manager at the time of his hiring. Rease then requests that we reverse the district court's grant of summary judgment in favor of AT&T. AT&T responds that Rease failed to address the district court's

order denying his motion for reconsideration, so he abandons the only appealable issue in the case.

We review a denial of a motion for reconsideration for abuse of discretion. Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004). A district court abuses its discretion when it makes an error of law. Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005).

Federal Rule of Civil Procedure 60(b)(1) allows a party to move a court for relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." An individual appealing a district court's denial of relief under Rule 60(b) "must prove some justification for the relief." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993). Additionally, an appellant "cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order." Id. A movant seeking relief under 60(b)(2) based on newly discovered evidence requires all of the following: (1) the evidence must be newly discovered since the summary judgment order; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the

underlying action. <u>Waddell v. Hendry County Sheriff's Office</u>, 329 F.3d 1300, 1309 (11th Cir. 2003). Additionally, Rule 60(b)(6) allows a court to grant relief from a judgment for "any other reason justifying relief." Fed.R.Civ.P. 60(b)(6). However, "[f]ederal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." <u>Frederick v. Kirby Tankships, Inc.</u>, 205 F.3d 1277, 1288 (11th Cir. 2000).

We construe <u>pro se</u> pleadings more leniently than formal pleadings drafted by lawyers. <u>Holifield v. Reno</u>, 115 F.3d 1555, 1561 (11th Cir. 1997). "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed. The Federal Rules of Appellate Procedure plainly require that an appellant's brief 'contain, under appropriate headings and in the order indicated . . . a statement of the issues presented for review.'" <u>Access Now, Inc. v. Southwest Airlines Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004) (citation omitted). "Any issue that an appellant wants [us] to address should be specifically and clearly identified in the brief." <u>Id</u>. "Under our case law, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue-even if properly preserved at trial-will be considered abandoned . . . Our requirement that those claims an appellant wishes to have considered on appeal be unambiguously

4

demarcated stems from the obvious need to avoid confusion as to the issues that are in play and those that are not." Id. (citation omitted). "If an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because [an appellant] may control the issues [he raises] on appeal, and because the appellee would have no opportunity to respond to it. Indeed, evaluating an issue on the merits that has not been raised in the initial brief would undermine the very adversarial nature of our appellate system." Id. Further, we have deemed an issue waived where a party failed to include substantive argument and only made passing references to the order appealed from. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Upon review of the record and the parties' briefs, we find no reversible error. Rease has abandoned the only issue on appeal, namely, whether the district court abused its discretion in denying his motion for reconsideration. While we are cognizant of the liberal construction afforded pro se briefs, a scrupulous examination of Rease's brief reveals no discernable arguments related to the district court's decision to deny Rease's motion for reconsideration. The only argument heading Rease provides contends that AT&T was not entitled to summary judgment. Rease does not specifically address, or mention, the district court's ultimate ruling on the motion to reconsider, or the standards governing

5

motions to reconsider, but only the standards for summary judgment.

Rease briefly attacks four of the district court's factual conclusions in its order denying his motion for reconsideration. These arguments are not adequate because they do not relate to newly discovered material evidence that would produce a different outcome in the underlying action. Nor do these arguments relate to "extraordinary circumstances" to justify relief under Fed.R.Civ.P. 60(b)(6). Rather, Rease's claims regarding his qualifications and those of others are attacks on conclusions the district court made during the summary judgment process. These claims are passing references to the order denying Rease's motion for reconsideration and do not meaningfully address the substance of the district court's order. Accordingly, he has abandoned the only issue properly before us, and we affirm.

**AFFIRMED.**