[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2009
THOMAS K. KAHN
CLERK

No. 09-10721
Non-Argument Calendar

_____

D. C. Docket No. 99-00755-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD MENENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 4, 2009)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Richard Menendez appeals the district court's denial of his Fed.R.Civ.P. 60(b)(1) motion for relief from a judgment denying his Fed.R.Civ.P. 41(g) motion for return of property. For the reasons set forth below, we affirm.

## I.

A grand jury issued an indictment charging Menendez with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, ("Count 1"); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, ("Count 2"). The indictment also contained a forfeiture count stating that, pursuant to 21 U.S.C. § 853, Menendez should forfeit all property constituting and derived from proceeds obtained as a result of Counts 1 and 2, including $174,545 in United States currency.

Menendez entered a conditional guilty plea to Counts 1 and 2 and the forfeiture count, reserving the right to appeal the district court's denial of a motion to suppress. Under the plea agreement, Menendez agreed to forfeit his interest in the $174,545. At the change of plea hearing, the court noted that Menendez's guilty plea would require him to forfeit the seized currency. Menendez stated that he wished to plead guilty to Counts 1, 2, and the forfeiture count.

Prior to sentencing, the government filed a motion for entry of an order of forfeiture of the $174,545. On May 25, 2000, the district court entered an order of

forfeiture, but noted that, "[b]efore the agreed upon forfeiture can be accomplished, the United States . . . must publish notice of the forfeiture to address any claims." The order stated that a final order of forfeiture would be entered upon adjudication of all third party interests, or, if no claims were filed within 30 days of the final publication of notice, the present order would be deemed a final order of forfeiture.

On June 29, 2000, the United States published the order of forfeiture in the Miami Daily Business Review. No claims were filed within 30 days. On August 1, 2000, the court sentenced Menendez to 135 months' imprisonment on each count, to run concurrently, followed by 3 years' supervised release.

Six years later, on July 31, 2006, Menendez filed a pro se motion for return of property, pursuant to Fed.R.Civ.P. 41(g). He asserted that the court had no jurisdiction to enter a forfeiture order, because it had failed to enter such an order during his sentencing hearing.

The government filed a motion to dismiss Menendez's Rule 41(g) motion. On March 30, 2007, the magistrate judge issued a report and recommendation ("R&R"), recommending denial of Menendez's motion for return of property. The magistrate determined that Menendez failed to demonstrate that he had a possessory interest in the seized currency, because, in the plea agreement, he expressly agreed to forfeit the currency. It also noted that Menendez failed to

3

challenge the court's finding, set forth in the order of forfeiture, that he had relinquished all rights to the money. The magistrate also determined that "a return of the currency that constitutes proceeds of illegal narcotics violations, and which [Menendez] has already conceded is subject to forfeiture, would thwart the purpose of the forfeiture statute." It noted that Menendez pled guilty to the forfeiture count contained in the indictment, which alleged that the currency constituted proceeds of narcotics violations. The R&R noted that the parties had 10 business days in which to file written objections.

On April 18, 2007, the district court entered an order adopting the R&R, denying Menendez's motion for return of property, and granting the government's motion to dismiss. It noted that neither party had filed objections to the R&R.

Two months later, on June 16, 2007, Menendez mailed objections to the R&R. First, Menendez asserted that the amount of money seized by the government was $200,000. Second, Menendez objected "to the magistrate's report and recommendation in its entirety." He stated that the district court's failure to enter a final order of forfeiture at sentencing rendered his preliminary order null and void, and that the court lacked jurisdiction to amend the final judgment. On June 27, 2007, the district court struck Menendez's objections as untimely.

On April 18, 2008, Menendez filed a motion for relief from final judgment,

4

under Fed.R.Civ.P. 60(b)(1), requesting that the court vacate the April 18, 2007 order denying his motion for return of property. Menendez explained that, on February 7, 2007, he was

> placed on an administrative transfer from FPC Pensacola and did not arrive to FCI La Tuna until April 13, 2007. On April 17, 2007 during mail call defendant received the magistrate's R&R and filed an informative motion requesting an extension of time to file objections because of the above mentioned reasons on April 19, 2007.

He asserted that, because he was in transit between prisons until April 13, 2007, it was impossible to file objections to the R&R. He also asserted that he first learned that an R&R had been issued on April 17, 2007, one day prior to the district court adopting the R&R. Menendez stated that he was unable to appeal the district court's final order, because he did not learn the district court had issued a final order until June 2007, when his objections to the R&R were stricken as untimely. Menendez asked the court to vacate its final order and allow him to file his objections to the R&R.

Menendez attached to his motion a document titled "informative and request for exten[s]ion of time motion to file objections to magistrate's report and recommendation." In the document, Menendez explained that he was transferred between prisons and asked for an extension of time in which to file objections to the R&R. The certificate of service states that Menendez mailed the document on

5

April 19, 2007, but there is no indication that the document was stamped as having been filed with the court.

The court denied Menendez's motion for relief from final judgment, stating that Menendez never filed a motion for extension of time in which to file objections to the R&R. It also noted that Menendez failed to demonstrate that he was entitled to relief under Fed.R.Civ.P. 60(b).

**II.**

We review the district court's denial of relief under Fed.R.Civ.P. 60(b) for an abuse of discretion. Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 842 (11th Cir. 2008). To show abuse of discretion, the appellant "must demonstrate a justification [for relief] so compelling that the court was required to vacate its order." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993).

Rule 60(b)(1) provides that a district court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). We have held that "whether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (internal quotations omitted). We consider "the

6

danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

The district court did not abuse its discretion in denying Menendez's Rule 60(b)(1) motion, because Menendez failed to show a "justification so compelling that the court was required to vacate its order." See Cavaliere, 996 F.2d at 1115. Although Menendez alleged, in his Rule 60(b) motion, facts that would have made it impossible for him to file objections to the R&R within 10 days of the R&R's filing, the length of Menendez's delay in filing his objections his Rule 60(b) motion weigh against granting the motion. See Cheney, 71 F.3d at 850. First, although Menendez asserted that he moved for an extension of time in which to file his objections, the district court noted and the record reflects that such a motion was not filed. Menendez attached to his Rule 60(b) motion a copy of a motion requesting such an extension, but this document was not marked as having been received or filed by the court. Second, Menendez did not mail his objections to the R&R until June 16, 2007, two months after he learned that the magistrate had issued the R&R. Menendez fails to explain why he waited so long to file the objections. Finally, Menendez's Rule 60(b) motion was not filed until April 22,

7

2008, about ten months after he had learned that the magistrate had issued the R&R.  Again, he does not explain the reasons behind the delay.  Granting Menendez's Rule 60(b) motion after such a long delay would cause prejudice to the government, especially considering the fact that the preliminary order of forfeiture became final on July 29, 2000, more than seven and a half years prior to the filing of the Rule 60(b) motion.  See id. (noting that the courts should consider "the danger of prejudice to the opposing party" and "the length of the delay and its potential impact on judicial proceedings" in determining whether to grant a Rule 60(b) motion).  Accordingly, we affirm the district court's denial of Menendez's Rule 60(b) motion.

**AFFIRMED.**