[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13843
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-22126-CV-JAL

SHEILA DENNIS,

Plaintiff-Appellant,

versus

CITY OF NORTH MIAMI, FL,
JOHN DOE,
Police Supervisor,
MIZJIAH,
badge #369,
WALDEN,
badge #345,
TENENT HEALTHCARE CORPORATION, et al.,

Defendants-Appellees,

DR. RODRIQUEZ PEDRO, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 14, 2010)

Before EDMONDSON, PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Sheila Dennis, proceeding pro se, appeals the district court's denial of her Rule 60(b)(6) motion for relief from judgment. Dennis filed the Rule 60(b)(6) motion to challenge the district court's earlier order dismissing her § 1983 complaint for failure to state a claim.

I.

Dennis contends that the district court erred in denying her Rule 60(b)(6) motion for relief from judgment. "We review the denial of a Rule 60(b) motion for abuse of discretion." Crapp v. City of Miami Beach, 242 F.3d 1017, 1019 (11th Cir. 2001). "Rule 60(b)(6), the catchall provision of the Rule, authorizes relief for 'any other reason justifying relief from the operation of the judgment.'" Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting Fed. R. Civ. P. 60(b)(6)). "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp, 242 F.3d at 1020

2

(alteration in original) (quotation marks omitted); see also Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." (quoting United States v. Swift & Co., 286 U.S. 106, 119, 52 S. Ct. 460, 464 (1932))).

No "exceptional circumstances" are present in this case that lead us to conclude that the district court abused its discretion under Rule 60(b)(6).  Dennis argues that the district court erred in denying her Rule 60(b)(6) motion because her complaint had merit.  That argument falls outside the scope of our review.  See Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (explaining that a Rule 60(b) motion cannot be used as a substitute for a proper and timely appeal of the district court's judgment); Glass v. Seaboard Coast Line R. Co., 714 F.2d 1107, 1109 (11th Cir. 1983) (stating that an appeal from the denial of a Rule 60(b) motion "does not bring up the underlying judgment for review").  Because Dennis has failed to show exceptional circumstances, we affirm.

AFFIRMED.