[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14832
Non-Argument Calendar
_____

D. C. Docket No. 3:06-cv-00247-MCR-EMT

STEPHEN LILLO,
as personal representative of
the Estate of John R. Lillo, Jr.

Plaintiff-Appellant,

versus

DARRELL A. BRUHN,
MATTHEW M. HOLT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 13, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Stephen Lillo, in his capacity as personal representative of the estate of John R. Lillo Jr., appeals the district court's denial of his Federal Rule of Civil Procedure Rule 60(b) motion for relief from summary final judgment. After review of the record and the parties' briefs, we conclude the district court did not abuse its discretion in denying the motion. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (reviewing the denial of a Rule 60(b) motion for abuse of discretion). As the district court reasoned in its Order dated August 16, 2012, while Lillo's motion requests relief under Rule 60(b)(6), a catchall provision providing for relief from a final judgment for "any other reason that justifies relief," his claim actually falls under Rule 60(b)(2), which provides for relief from a final judgment based on "newly discovered evidence . . . ."

"[A] party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on grounds specified in" clauses 60(b)(1) through (5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) (some internal quotations omitted). This prevents clause (6) from being used to circumvent the 1-year limitations period that applies to clauses (1) through (3). *See id.*

Because Lillo's motion falls within Rule 60(b)(2), it cannot be brought under Rule 60(b)(6)'s catchall provision. Lillo did not file his motion within the time allowed under Rule 60(b)(2), and instead, filed it more than two years after

2

the court entered its orders granting summary judgment to the Defendants, making

Lillo's motion untimely.  Accordingly, we affirm the district court's denial of

Lillo's motion for relief from summary final judgment.

**AFFIRMED.**