[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12586
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-01208-TCB

FLOYD C. MITCHELL,

Plaintiff-Appellant,

versus

JUDGE TANGELA M. BARRIE,
Chief Judge, Superior Court of Dekalb County,
in Official Capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 25, 2020)

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Proceeding pro se, Floyd C. Mitchell sued Tangela M. Barrie, Chief Judge of the Superior Court of Dekalb County, in her official capacity, alleging that she violated federal law by ordering Mitchell to pay child support.  Mitchell's complaint argued that federal law prohibits Veteran's benefits, his only income, from being attached by court order.

Construing Mitchell's complaint as a suit for monetary damages, the district court held that "a judge is protected by absolute immunity from a suit for damages 'for a judicial act taken within [her] court's jurisdiction.'"  *Mitchell v. Barrie*, No. 1:19-cv-1208-TCB, slip op. at 3 (N.D. Ga. June 11, 2019) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)).  Accordingly, the district court dismissed the suit.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief.").

Mitchell then filed a "motion for rehearing," arguing that his complaint sought declaratory relief, not damages.  The district court construed this as both a Rule 60(b) motion for reconsideration and a motion for leave to amend the complaint.  It denied the motion on both grounds.  First, it held that because Mitchell's suit asked the district court to find Judge Barrie's prior state order

2

incorrect as a matter of law, it is barred under the *Rooker-Feldman* doctrine,[1] which deprived the district court of subject-matter jurisdiction. Second, if construed as a motion for leave to amend, the district court denied Mitchell's motion for failure to offer any argument that an amended complaint would cure the jurisdictional defect.

* * *

On appeal, Mitchell challenges the denial of his motion for reconsideration. Our review of the denial of a Rule 60(b) motion does not extend to the correctness of the underlying judgment. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). Instead, we consider only whether the district court abused its discretion. *Id.* Rule 60(b) relief is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

The district court properly denied Mitchell's motion for reconsideration. He was not entitled to any relief because the district court lacked jurisdiction to invalidate a prior state-court judgment. Under the *Rooker-Feldman* doctrine, federal district courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

---

[1] The doctrine derives its name from two Supreme Court cases—*Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Mitchell does not dispute the application of *Rooker-Feldman* on appeal, and thus has not demonstrated any "justification so compelling that the court was required to vacate its order." *Cavaliere*, 996 F.2d at 1115 (quotation omitted). We therefore cannot conclude that the district court has abused its discretion, and affirm the denial of Mitchell's motion for reconsideration.[2]

**AFFIRMED.**

---

[2] Although Mitchell's brief on appeal does not challenge the denial of his motion construed as a motion for leave to amend his complaint, we also conclude that the district court did not abuse its discretion in denying a request for leave to amend made several months after Mitchell filed his complaint because he never submitted a proposed amended complaint or explained how an amended complaint would rectify the jurisdictional defect discussed above. Thus, the court's denial was "justified by futility" because the complaint, if amended, would "still [be] subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quotation omitted).