**SOLAROLL SHADE AND SHUTTER CORP., INC., Plaintiff-Appellee,**

v.

**BIO–ENERGY SYSTEMS, INC., Defendant-Appellant,**

Broward Solar Center, Inc., Defendant.

No. 85–5496.

United States Court of Appeals, Eleventh Circuit.

Nov. 10, 1986.

Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Thomas T. Steele, Tampa, Fla., for defendant-appellant.

Eugene F. Malin, Edward McHale, Fort Lauderdale, Fla., for plaintiff-appellee.

Before FAY and JOHNSON, Circuit Judges, and HOFFMAN *, Senior District Judge.

JOHNSON, Circuit Judge:

This case involves an appeal from the district court's denial of a motion to vacate a judgment enforcing a settlement agreement. We affirm, and because the issues presented in this appeal are frivolous, we award double costs to the appellee. Fed.R. App.P. 38.

I

BACKGROUND

In September 1980, appellee, Solaroll Shade and Shutter Corporation, Inc. ("Solaroll"), instituted a trademark infringement action against appellant, Bio-Energy Systems, Inc. ("Bio-Energy"), in the United States District Court for the Southern District of Florida. The parties eventually agreed to a settlement, and on August 16, 1982, the district court dismissed the suit with prejudice in accordance with the settlement agreement. The court, however, retained jurisdiction to enforce the settlement agreement.

On January 25, 1985, Solaroll, alleging that Bio-Energy was in violation of the settlement agreement, filed a motion to reinstate the action and to enforce the stipulation. Bio-Energy's Tampa counsel received service copy of the motion three days later and promptly forwarded copies to Bio-Energy and to Bio-Energy's New York counsel. Shortly thereafter, Bio-Energy's Tampa counsel spoke with Solaroll's counsel and promised to forward a proposed stipulation and joint motion for extension of time. Bio-Energy's counsel, however, never communicated again with Solaroll's counsel, never sent either doc-

ument, and never responded to Solaroll's motion.

Consequently, on February 28, 1985, the district court granted Solaroll's unopposed reinstatement motion and, without further notice, entered the order submitted with the motion. The clerk entered the order on March 4, 1985.

Seven days later Bio-Energy served a motion to vacate the judgment pursuant to Fed.R.Civ.P. 60(b) and supporting affidavits. It also requested oral argument. After receiving briefs from both sides but without responding explicitly to the motion for oral argument, the court entered a minute order on May 16, 1985, denying Bio-Energy's motion to vacate judgment.

This appeal followed.

II

DISCUSSION

Fed.R.Civ.P. 60(b) provides in part, "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." A final judgment under Rule 60(b) is any judgment that is an appealable order. *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 974 (11th Cir.1982). There is no question that the order of February 28 enforcing the settlement agreement satisfies that definition. *See, e.g., id.* (order granting summary judgment on motion to reinstate action due to breach of settlement agreement final for purposes of Rule 60(b)); *United States v. One Hundred Nineteen Thousand Nine Hundred Eighty Dollars*, 680 F.2d 106, 107 (11th Cir.1982) (order approving stipulation of settlement and dismissing action final for purposes of Rule 60(b)).

However, this Court will set aside the district court's refusal to vacate that order only if such refusal constitutes an abuse of

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

discretion. *Villareal v. Braswell Motor Freight Lines, Inc.*, 545 F.2d 978, 979 (5th Cir.1977) (per curiam); *Hand v. United States*, 441 F.2d 529, 531 (5th Cir.1971) (per curiam). To demonstrate an abuse of discretion, appellant must prove some justification for relief. However, appellant cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order. *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir.1977).

### A. Attorney Mistake

■ Appellant first argues that the "oversight" of its counsel in failing to respond to the motion constitutes excusable neglect within the meaning of 60(b)(1). However, an attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation. *United States v. One 1978 Piper Navajo PA–31, Aircraft*, 748 F.2d 316, 318–19 (5th Cir. 1984); *Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992, 1020 (11th Cir.1982); *Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir.1976) (per curiam).

■ Admittedly, this result appears to penalize innocent clients for the forgetfulness of their attorneys. However, a court possesses the inherent authority to enter a default judgment in response to an attorney's dilatory tactics. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Accordingly, a court's refusal to vacate a default judgment entered to penalize the repeated failure to produce documents does not amount to an abuse of discretion. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984). Thus the district court's refusal to vacate the order is not an abuse of discretion merely because appellant was not directly responsible for the failure to respond.

■ Nonetheless, courts are chary of dismissing actions on account of attorney inadvertence in non-abusive situations.

Thus, in *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385–86 (5th Cir.1978), the former Fifth Circuit held that the district court had abused its discretion in denying appellant's 60(b) motion where the district court had dismissed his action in order to sanction his attorney's failure to appear at a pretrial conference and to respond to interrogatories within a month. In so doing, the court emphasized that the district court should have undertaken less drastic measures to obtain compliance. *See also Jackson v. Beech*, 636 F.2d 831, 837 (D.C.Cir.1980) (improper to impute attorney's negligence to client on motion to reconsider default judgment); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir.1972) (abuse of discretion to dismiss action *sua sponte* absent "clear record of repeated willful delay").

Furthermore, courts are supposed to construe liberally the requirements of Rule 60(b) when reviewing default judgments. *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1510–11 (11th Cir.1984); *Fackelman*, 564 F.2d at 735–36. This solicitude exists when reviewing any order which "abridged the adversary process," whether or not it is a default judgment. *Burton v. G.A.C. Finance Co.*, 525 F.2d 961, 962 (5th Cir.1976). For example, in *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. Unit A 1981), the district court refused to vacate a judgment it had entered against the defendant when he failed to appear at trial. The court, observing both the defendant's reliance on counsel and the good faith misunderstandings that caused counsel's failure to appear, reversed the district court, stating that "the equities in such cases will militate strongly in favor of relief." *Id.* at 403.

In this case Bio-Energy's counsel did not exhibit a hostile antagonism to the adjudicatory process or engage in abusive, dilatory maneuvers. Nor is there any allegation that Bio-Energy conspired with counsel to delay the proceedings. Bio-Energy's counsel simply forgot to respond. In addition, only 34 days had lapsed from the time Solaroll filed its motion until the court entered its order. Furthermore, the court

failed to inquire into appellant's silence. Unlike the order in *Silas* and *Eskenazi*, however, the February 28 order was not an extraordinary sanction entered to penalize counsel's failure to comply with a discovery request or some other pretrial order. Instead, the court was duly deciding a motion before it to which appellant's counsel had failed to respond. Such an order does not abbreviate the adversary process. Rather, it prevents a party's negligence from unduly extending that process. Although the situation here in some respects parallels that in *Seven Elves*, we do not find the equities so compelling that the district court's denial constitutes an abuse of discretion.

Furthermore, Bio-Energy has failed to establish a meritorious defense. To obtain relief under 60(b), a party must demonstrate a defense that probably would have been successful, in addition to showing excusable neglect. *Seaboard Coast Line*, 678 F.2d at 1020; *Gulf Coast Fans*, 740 F.2d at 1510–11. Even the court in *Seven Elves*, 635 F.2d at 403, required the showing of a meritorious defense. Bio-Energy cannot satisfy this burden by asserting a general denial to Solaroll's claim. Nor can Bio-Energy satisfy this burden by showing that Solaroll would not suffer unfair prejudice if the judgment were vacated. *Fackelman*, 564 F.2d at 736. Instead it must make an affirmative showing of a defense that is likely to be successful. *One 1978 Piper Navajo*, 748 F.2d at 319. Bio-Energy has failed to make any such showing. Therefore, relief is unavailable under 60(b)(1).

Some courts have held that attorney error comes within the scope of 60(b)(6) even though it does not constitute excusable neglect under 60(b)(1). *See, e.g., Boughner v. Secretary of H.E.W.*, 572 F.2d 976 (3d Cir. 1978); *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234 (D.C.Cir.), *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964); *Transport Pool Division of Container Leasing, Inc. v. Joe Jones Trucking Co.*, 319 F.Supp. 1308 (N.D.Ga.1970). However, these cases specifically require gross neglect or other exceptional circumstances and indicate that the client was generally diligent despite its attorney's lapses. *Boughner*, 572 F.2d at 977–78; *L.P. Steuart*, 329 F.2d at 236–37; *Transport Pool*, 319 F.Supp. at 1311–12. Bio-Energy has demonstrated neither gross misconduct by its counsel nor its own diligence, especially considering that it received a copy of the notice. Thus these cases are inapplicable.

There is also a more fundamental reason why these cases are inapplicable. Although 60(b)(6) provides a residual equitable authority for vacating judgments, this Court consistently has held that 60(b)(1) and (b)(6) are mutually exclusive. Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1). *Hall v. Alabama*, 700 F.2d 1333, 1338 (11th Cir.), *cert. denied*, 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *Gulf Coast Building & Supply Co. v. International Brotherhood of Electrical Workers*, 460 F.2d 105, 108 (5th Cir.1972). The holdings in *L.P. Steuart* and its progeny are at odds with this established policy. Therefore, relief is unavailable under 60(b)(6) as well.

### B. Judicial Mistake

Bio-Energy next argues that relief from the February 28 order is warranted under 60(b)(1) because the district court committed a mistake of law in entering the order. To the extent the order constitutes a default judgment, it is allegedly invalid because the court failed to comply with the notice and hearing provisions of Fed.R. Civ.P. 55(b).[1] Specifically, Solaroll failed to apply to the district court for a default

---

1. Fed.R.Civ.P. 55(b)(2) provides in part that:
   Judgment by default may be entered as follows:

   .    .    .    .    .

   (2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor.... If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

judgment, and the court failed to serve notice to Bio-Energy at least three days prior to the hearing. In the alternative, to the extent the February 28 order constitutes a summary final judgment, it is invalid because Solaroll failed to file a motion for summary judgment at least ten days prior to entry of the order.[2] Thus, according to appellant, the district court abused its discretion in refusing to vacate its order.

■ We find that the district court did not abuse its discretion because the district court did not commit any mistake of law in entering the judgment. First of all, the reinstatement order was not a default judgment within the meaning of Rule 55. Rule 55 applies to parties against whom affirmative relief is sought who fail to "plead or otherwise defend." Fed.R.Civ.P. 55(a). Thus a court can enter a default judgment against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue. If the defendant has answered the complaint but fails to appear at trial, issue has been joined, and the court cannot enter a default judgment. However, the court can proceed with the trial. If plaintiff proves its case, the court can enter judgment in its favor although the defendant never participated in the trial. *Seven Elves*, 635 F.2d at 400 n. 2; *Bass v. Hoagland*, 172 F.2d 205, 209–10 (5th Cir.), *cert. denied*, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949); S.D.Fla. Local R. 10(C). In such circumstances, Rule 55 is inapplicable.

In this case, the responsive pleading stage had long passed, and issue already had been joined. There is no indication that Solaroll moved to strike Bio-Energy's previous pleadings when Bio-Energy failed to respond or that the court did the same to penalize Bio-Energy. When appellant failed to respond, the district court simply proceeded with the motion, receiving appellee's evidence and basing its decision on the record. Such a judgment is not a default

judgment; therefore, the court was not required to follow Rule 55.

Even if the conditional dismissal with prejudice closed the original action so that Solaroll's motion to reinstate constitutes a new action, the court was not required to provide Bio-Energy with additional notice. The notice and hearing provisions of Rule 55 apply only to parties who have made an appearance. *Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1531 (11th Cir.), *cert. denied sub nom. Arango v. Compania Dominicana de Aviacion*, —— U.S. ——, 106 S.Ct. 408, 88 L.Ed.2d 359 (1985). Although a court filing is not necessary to make an appearance, *see, e.g., Traveltown, Inc. v. Gerhardt Investment Group*, 577 F.Supp. 155, 157 (N.D.N.Y.1983) (serving plaintiff with answer constitutes appearance even though not filed with court), the unfulfilled promise appellant's counsel made to appellee's counsel does not constitute an appearance. Thus, the February 28 order is not void for lack of notice even if the order constitutes a default judgment.

■ Nor is the February 28 order a final summary judgment. A preliminary pleading can be treated as a motion for summary judgment if accompanied by affidavits. *See, e.g., Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (per curiam) (motion to dismiss treated as motion for summary judgment). However, an order is not a summary judgment merely because the court relied only on the movant's supporting evidence. If the opposing party fails to respond despite adequate notice, it, and not the court, is responsible for the "summary" nature of the order. Appellant would require forgetful or dilatory parties to receive notice twice: first when the motion is served originally and once again before the court enters the order. Rule 56 requires no such double notice. Appellant here received adequate notice of the motion to reinstate. Its failure to respond does not entitle it to additional notice.

---

**2.** Fed.R.Civ.P. 56(c) provides in part that:
  The motion [for summary judgment] shall be served at least ten days before the time

fixed for the hearing.

Thus we conclude that appellant Bio-Energy has failed to establish any grounds for relief under either 60(b)(1) or (b)(6). Accordingly, the district court did not abuse its discretion in refusing to vacate the reinstatement order. AFFIRMED WITH SANCTIONS.