905 F.2d 1529
 16 Fed.R.Serv.3d 1124
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frederick L. HOLLIDAY, Plaintiff-Appellant,
v.
DUO-FAST MARYLAND COMPANY, Defendant-Appellee.
 No. 89-1496.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 4, 1990.
Decided May 4, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-88-541-2)
 Joseph C. Cometti, Charleston, W.V., for appellant.
 J. Craig Peyton, Leonard H. Pazulski, Weinberg and Green, Baltimore, Md., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and HARRISON L. WINTER*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Frederick L. Holliday appeals the order of the district court denying his motion to set aside summary judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. He contends that the district court erred by holding that his counsel's failure to respond to a motion for summary judgment filed by Duo-Fast Maryland Company (Duo-Fast) was not excusable neglect. Alternatively, Holliday contends that summary judgment should be reversed because genuine issues of material fact exist. We affirm.
 
 I.
 
 2
 Holliday filed suit against Duo-Fast in state circuit court alleging that Duo-Fast wrongfully terminated his employment because his ex-wife had obtained garnishment of his wages for past failure to pay child support. Duo-Fast removed the case to the United States District Court for the Southern District of West Virginia on the basis of diversity of citizenship. Duo-Fast then moved for summary judgment on the ground that no causal connection existed between Holliday's discharge and the garnishment of his wages. Holliday did not respond to the motion. The district court granted Duo-Fast's motion, finding that Holliday had presented no evidence establishing a causal connection between the garnishment of his wages and his discharge. Holliday filed a motion to set aside summary judgment accompanied by an affidavit from counsel stating that counsel was not "subjectively aware" that a motion for summary judgment had been filed until he received the order granting summary judgment. Counsel stated that he had inadvertently placed the motion for summary judgment in a stack of papers concerning an unrelated complex fraud action. The district court denied the motion, finding that although there was neglect on the part of counsel, it was not excusable neglect.
 
 II.
 Rule 60(b)(1) provides that:
 
 3
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....
 
 
 4
 Fed.R.Civ.P. 60(b)(1). We review the denial of a motion under Rule 60(b) for abuse of discretion. Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir.1987).
 
 
 5
 Holliday contends that the delay was short, there was no gross neglect, he asserted a meritorious claim, and Duo-Fast was not prejudiced. Relying on United States v. Moradi, 673 F.2d 725 (4th Cir.1982), he argues that he is "blameless" and should "not be disadvantaged by the errors or neglect of his attorney." Id. at 728. Moradi, however, is distinguishable. There we reversed a default judgment entered against Moradi by the district court after his answer was not accepted because his counsel failed to follow local rules. Here, the district court entered summary judgment on the merits. See Universal Film Exchs., Inc. v. Lust, 479 F.2d 573, 576 n. 1 (4th Cir.1973) (distinguishing cases involving default judgments from those involving summary judgment on the merits). As the Eleventh Circuit has noted, "courts are supposed to construe liberally the requirements of Rule 60(b) when reviewing default judgments." Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir.1986). However, the same liberal construction is not required where "the court was duly deciding a motion before it to which appellant's counsel had failed to respond. Such an order does not abbreviate the adversary process. Rather, it prevents a party's negligence from unduly extending that process." Id. at 1133.
 
 
 6
 We agree with the district court that counsel's failure to respond to the motion for summary judgment was not excusable neglect. The record indicates that the motion for summary judgment was properly served on counsel. His careless handling of the motion and his failure to respond because he did not "realiz[e] what the Motion was" is not the kind of excusable neglect provided for in Rule 60(b)(1).
 
 
 7
 Based on our review of the record, we also find Holliday's contention that summary judgment was inappropriate is without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Fed.R.App.P. 34(a)(3); Loc.R. 34(a).
 
 
 8
 AFFIRMED.