[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10218
Non-Argument Calendar
_____

D. C. Docket No. 04-02477-CV-T-17-MAP

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

PAUL SIMMONS, et al.,

Defendants,

STANLEY SICILIANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 24, 2007)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Stanley Siciliano, a penny stock promoter, moved to set aside a default judgment entered against him in this SEC enforcement suit. The district court denied the motion. Siciliano now appeals, pro se.

On November 15, 2004, the SEC filed an action against Siciliano and his co-defendants. The SEC alleged that Siciliano had committed securities fraud and violated the registration provisions of the securities laws. Siciliano's attorney accepted service of the summons and complaint on his behalf, and soon after began negotiating with the SEC. Siciliano did not file an answer, but the SEC agreed not to seek a default judgment while meaningful settlement negotiations were ongoing. Negotiations stalled. On March 31, 2005, the SEC sent a letter to Siciliano's attorney requesting either a settlement proposal or an answer. The SEC warned that it would seek a default judgment if it did not receive one or the other.

The SEC received no response. It filed a motion for a partial default judgment in June 2005. Siciliano's attorney was served a copy of this motion, but did not respond and still did not file an answer. The district court entered a partial default judgment on June 23, 2005. Siciliano's attorney received a copy of this order as well. Eight months later, on February 21, 2006, the SEC moved for a final default judgment; the motion was again served on Siciliano's attorney. On

2

February 23, the district court entered a final default judgment that ordered disgorgement, imposed a civil penalty, and ordered a permanent penny stock bar.

Nearly five months later, on July 20, 2006, Siciliano moved to vacate the default judgment. In an affidavit, Siciliano stated that he had been in contact with his attorney throughout 2005, but failed to receive information about the stalled negotiations or about the partial default judgment. Siciliano further stated that he did not know about the default judgment until March 3, 2006, when he learned about it from a co-defendant. At that point he confronted his attorney, who explained the default by saying the case "must have slipped through the cracks." Siciliano hired new counsel. But he did not file the motion to vacate until several months after he learned of the default.

Along with his motion to vacate, Siciliano filed an answer to the SEC's complaint and affidavits from him and his attorney. In the motion, Siciliano argued that he was entitled to relief under Rule 60(b)(1) and 60(b)(6) because of the gross negligence of his attorney. The district court denied the motion, finding no excusable neglect under 60(b)(1) and no exceptional circumstances justifying relief under 60(b)(6).

We review a district court's refusal to grant a motion to set aside a default judgment for abuse of discretion. Valdez v. Feltman (In re Worldwide Web

3

Systems, Inc.), 328 F.3d 1291, 1295 (11th Cir. 2003). In order to demonstrate an abuse of discretion, the defaulting party "must demonstrate a justification so compelling that the lower court was required to vacate its order." Id. (internal citations and quotations omitted).

Rule 60(b) provides, in relevant part, "On motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . or (6) any other reason justifying relief from the operation of the judgment." On appeal, Siciliano principally argues that the district court abused its discretion by denying him relief under Rule 60(b)(6). Relief under Rule 60(b)(6) is available only "upon a showing of exceptional circumstances." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993); see also Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000) ("extraordinary circumstances"). Sicilano argues that his attorney was grossly negligent, and that his gross negligence constituted an exceptional circumstance entitling him to relief from the judgment.

Siciliano's attempt to make attorney negligence an extraordinary circumstance warranting relief under Rule 60(b)(6) is foreclosed by precedent. In Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1133

4

(11th Cir. 1986), we held that claims of attorney error must be made under the more specific Rule 60(b)(1), rather than under the "residual equitable authority" contained in Rule 60(b)(6). Id. at 1133; see also Cavaliere, 996 F.2d at 1115. Siciliano's argument relies solely on a claim of attorney error, and does not point to any other exceptional circumstance that would warrant relief under Rule 60(b)(6). The district court therefore did not abuse its discretion in denying relief under that part of the rule.

We next consider whether Siciliano's claim of attorney error suffices for relief under Rule 60(b)(1).[1] "[T]here is a strong policy of determining cases on the merits and we therefore view defaults with disfavor." Valdez, 328 F.3d at 1295.

---

[1] The SEC argues that Siciliano has waived his (b)(1) argument on appeal. It is true that Siciliano purports to rely only on Rule 60(b)(6). But because Siciliano is pro se, we must construe his argument on appeal liberally. See Finch v. Vernon, 877 F.2d 1497, 1504-05 (11th Cir. 1989). All of his substantive argumentation on appeal may only be considered under Rule 60(b)(1). He also made the (b)(1) argument in the district court. We thus construe his brief as also making a (b)(1) argument, which means that he has not waived the argument on appeal.

We further note that, while we have made it clear that neglect not "excusable" under (b)(1) cannot justify relief under (b)(6), we have not been as clear about whether a ground that may suffice for (b)(1) relief may be considered under the head of (b)(6). In the case upon which Siciliano principally relies, we seemed to say that it is sometimes immaterial whether the party casts an argument about excusable neglect as a (b)(1) or a (b)(6) argument: "As a practical matter. . . where the Rule 60(b) motion is brought within one year and within a 'reasonable time,' there is no need to differentiate between the grounds justifying relief under subsections (1)-(5) and those justifying relief under the residual subsection." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 n.3 (5th Cir. January 26, 1981). Accord 11 Wright & Miller, Federal Practice & Procedure § 2864. Siciliano filed within one year. In light of this language from Seven Elves, we are even more reluctant to hold a possible technical mischaracterization against this pro se appellant. We need not, and expressly do not, decide whether Siciliano, if represented by counsel, would have waived his (b)(1) argument by purporting to rely solely on (b)(6) in his appellate brief.

5

But there is also a policy in favor of finality.  See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Jan. 26, 1981).[2]  We have struck a balance between these two policies by requiring a defaulting party seeking relief on the basis of excusable neglect to show that "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint."  Valdez, 328 F.3d at 1295.

In the first place, Siciliano has not shown a good reason for failing to reply to the complaint.  He claims that his attorney was negligent in allowing a default to be entered.  But "[t]his Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error."  Cavaliere, 996 F.2d at 1115.  At the very least, a party must demonstrate his own diligence, even where the attorney commits gross misconduct.  See Solaroll Shade, 803 F.2d at 1133; see also Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 784 (11th Cir. 1993); EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 529 (11th Cir. 1990).  In Ehlers, we established that a party has a duty to monitor the progress of his case.  There the defendant moved to Hawaii from Florida, and claimed

---

[2] Decisions of the Fifth Circuit rendered before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

6

excusable neglect because he was unable to contact his attorney at the time the default was entered.  Id. at 784.  We held that this was not excusable neglect because the defendant "appears to have done nothing to ensure that his interests were being sufficiently represented.  Such inaction demonstrates a lack of diligence on Ehlers's part, especially when [plaintiff] alleged millions of dollars of damages in its complaint."  Id. at 784.

Siciliano similarly failed to make reasonable inquiries into the status of his case.  Though he was aware that the SEC brought suit against him in November 2004, he failed to discover the default until March 2006, even though negotiations with the SEC broke down as early as March 2005 and a partial default was entered in June 2005.  Siciliano alleges that he was in contact with his attorney during 2005.  But unless Siciliano's attorney lied (which Siciliano does not allege), the attorney had nothing of substance to report at least as early as March 2005, when negotiations broke down.  This lack of progress should have put Siciliano on notice that something was wrong, especially in light of the gravity of the SEC's allegations.  His failure to discover the default until almost a year after negotiations broke down is inexcusable.

Moreover, when Siciliano finally did discover the existence of the default judgment in March 2006, he inexplicably waited over four months to file a motion

7

to vacate. He alleges that it took this long for his new counsel to become familiar with the case. But he does not explain why it took four months for new counsel to prepare an answer that consists of general denials, two short affidavits, and the motion to vacate. We have held on numerous prior occasions that an inexplicable delay in filing a motion to vacate after learning of a default judgment precludes relief under 60(b)(1). See, e.g., Valdez, 328 F.3d at 1298 (party waited two months to file motion to vacate); Mike Smith Pontiac, 896 F.2d at 529 (party waited almost four months to file motion to set aside default). Siciliano's delay was longer, and equally inexplicable.

Finally, to show excusable neglect under 60(b)(1), Siciliano also needed to demonstrate that he "had a meritorious defense that might have affected the outcome." Valdez, 328 F.3d at 1295. A general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient. See id. at 1296; Solaroll Shade, 803 F.2d at 1133. Rather, "to establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful." Valdez, 328 F.3d at 1296 (punctuation omitted). Siciliano has merely filed an answer to the SEC's complaint that contains general denials of the SEC's allegations, which is not enough to show a meritorious defense.

In response, Siciliano urges that the prejudice to the SEC from vacating the

8

judgment would be minimal because settlement negotiations with his co-defendants are ongoing. But we made clear in Valdez that a lack of prejudice is not enough, by itself, to warrant relief. In that case, we upheld the district court's denial of Rule 60 relief, even though we determined that "the prejudice in this case is not particularly pronounced." Valdez, 328 F.3d at 1297. We said, "[A] determination of excusable neglect is an equitable one that necessarily involves consideration of all three elements–a meritorious defense, prejudice, and a good reason for not responding to the complaint–and not. . . exclusively prejudice." Valdez, 328 F.3d at 1297. Because Siciliano failed "to make even the barest showing of a meritorious defense or to present a good reason for failing to respond to the complaint," id., the district court did not abuse its discretion in refusing to set aside the default judgment under Rule 60(b)(1).

Siciliano also relies on a former Fifth Circuit case, Seven Elves, Inc. v. Eskenazi, 635 F.2d 396 (5th Cir. Jan. 26, 1981), to argue that the equities mandate relief under 60(b). But the equities in Seven Elves were far more favorable. The parties in Seven Elves, unlike Siciliano, filed a motion to set aside the default within twelve days of learning of the default. Id. at 403. They also demonstrated a potentially meritorious defense. See id. (further noting that "[o]ther equities as well would militate in favor of relief"). Here, Siciliano waited more than four

9

months to file his motion, and before that failed to conduct the most minimal supervision of the conduct of his defense. His lack of diligence, in addition to his failure to show a potentially meritorious defense, precludes relief under 60(b)(1).

The district court's refusal to grant Siciliano relief under Rule 60(b) was not an abuse of discretion. Accordingly, its decision is

AFFIRMED.