[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12303
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 2, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00040-CV-CDL-3

TAKAIYOUS ALLEN,

Plaintiff-Appellant,

versus

THOMAS DOCKERY, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 2, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Takaiyous Allen appeals the district court's denial of his motion for reconsideration of the order dismissing his civil rights action. After review, we affirm.

## I. BACKGROUND

### A. Allen's Lawsuit

Plaintiff-appellant Allen filed this action against Defendant-appellee Thomas Dockery, an Athens police officer, alleging claims under 42 U.S.C. § 1983 and state law. At all times in the district court and on appeal, Plaintiff Allen has been represented by his counsel Jim Smith. A scheduling order set discovery to expire on December 31, 2007.[1] On November 26, 2007, Defendant Dockery served Allen with interrogatories and requests for production of documents by hand delivering them to attorney Jim Smith's office. Allen's responses were due December 26, 2007.

On January 2, 2008, after receiving no discovery responses, Defendant Dockery's counsel wrote a letter to Plaintiff Allen's counsel Jim Smith in compliance with the local rule requiring counsel to confer with opposing counsel to see if a discovery dispute can be resolved without court intervention ("good

---

[1]Upon Dockery's unopposed motion, the discovery deadline was later extended to February 29, 2008.

faith letter"). In the letter, Defendant Dockery's counsel asked Allen's counsel to get in touch with him by January 7, 2008.

When Dockery's counsel did not hear from Allen's counsel, on January 11, 2008, he filed a motion for the imposition of sanctions. Allen's counsel did not file a response to the motion for sanctions. On February 14, 2008, the district court granted the motion in a text-only order entered on the docket and electronically transmitted to all counsel. The district court found that Plaintiff Allen had failed to respond with Defendant Dockery's discovery requests "without justification" and ordered Allen to pay Dockery $1,000 for costs and expenses and to provide full and complete responses, without objection, by February 22, 2008. The district court warned Allen and his counsel that a failure to comply would result in the dismissal of Allen's complaint. The district court directed Defendant Dockery to inform the court whether Allen complied with the court's order.

On February 22, 2008, Allen's discovery responses were hand delivered to Dockery's counsel, but Allen's counsel failed to have the interrogatories verified by Allen or to include a certificate of service for the response to the document requests. Allen also did not pay Dockery the court-ordered $1,000. On the same day, Allen's counsel filed a motion to set aside the sanctions order in which he argued he had responded to Dockery's discovery requests, but admitted he had not

paid the $1,000 because he was incarcerated. Allen's counsel asked that the $1,000 "be converted to a judgment without a timeline." Allen's counsel did not address his failure to have the discovery responses verified or to provide a certificate of service. On February 25, 2008, Dockery advised the district court of Allen's partial compliance with the sanctions order.

On February 26, 2008, the district court denied Plaintiff Allen's motion to set aside the sanctions order and dismissed Allen's complaint with prejudice. The court found that Allen had asserted "no legitimate basis" for setting aside the order and had "failed to comply with the Court's previous order by failing to respond fully to Defendant's discovery requests and by failing to pay the court ordered costs incurred by Defendant in having to bring a motion to compel." A final judgment also was entered on February 26, 2008 dismissing Allen's complaint with prejudice.

**B.    Post-judgment Motions**

On March 7, 2008, Allen's counsel filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(3),[2] along with a 26-page brief.[3]

_____

[2]Rule 60(b)(3) permits a district court to relieve a party from a judgment for "fraud[,]. . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

[3]In the motion and brief, Allen contended, inter alia, that Dockery had misrepresented to the district court that Allen had not responded to the discovery requests because Allen had "substantially complied" with the district court's order to respond.

The district court clerk terminated the March 7 motion for exceeding the page limits set by local rule,[4] using an incorrect event name when e-filing and failing to include a certificate of service. The clerk instructed Allen to re-file the motion.

On March 10, 2008, Allen's counsel re-filed the Rule 60(b)(3) motion, along with a 19-page brief. The district court clerk terminated the March 10 motion for exceeding the page limit and again instructed Allen to re-file the motion.

On March 18, 2008, Allen's counsel filed a third motion for relief from the judgment, this time based on Rule 60(b)(1) and (6). The accompanying five-page brief acknowledged that Allen's interrogatory responses were not verified, which amounted to a defective response. Allen's counsel argued, however, that Allen had substantially complied in responding to Dockery's discovery requests and that the failure to include a verification or a certificate of service was not made in bad faith and constituted "excusable neglect." The basis for counsel's excusable neglect claim was "a breakdown in communication and organization which has been remedied and will not be repeated."[5] Allen's counsel asked for the court's

---

[4]Local Rule 7.6 of the Middle District of Georgia limits motions for reconsideration to five pages.

[5]Also on March 18, Allen filed certificates of service indicating that he had served Dockery with amended responses to Dockery's document requests and interrogatories. These certificates of service were filed as separate pleadings on March 18, which was after the February

"mercy" and stated that in future there would be "meticulous adherence to the rules of procedure" and "no further delays." Allen's counsel attached to the Rule 60(b) motion: (1) copies of Allen's discovery responses; and (2) his February 22, 2008 letter to Dockery's counsel advising, <u>inter alia</u>, that the discovery responses would be delivered that day and that he was waiting for a signed verification from Allen, who was incarcerated, and would supplement the responses with the verification when it was received.

In an April 4, 2008 order, the district court denied Allen's Rule 60(b) motion. The district court concluded that "no extraordinary circumstances exist in this case" and that Allen's failure to fully comply with the court's sanction order "was not due to mistake, inadvertence, surprise, or excusable neglect, and no other justifiable reason exists for relief." The district court found that the "drastic remedy" of dismissal was warranted because "Plaintiff's counsel's conduct demonstrates a pattern of disregard for the rules of this Court and this Court's authority to enforce compliance with those rules." The district court recounted Allen's counsel's history of failing to comply with court rules and orders, as follows:

---

14, 2008 order compelling complete discovery responses and the February 26, 2008 dismissal. Thus, at the time of the dismissal, there was still no verification or certificate of service as to the discovery responses.

6

> Plaintiff failed to respond to discovery requests served on November 26, 2007. He then failed to respond to Defendant's counsel's letter, which was delivered by Defendant's counsel pursuant to the Court's rules that require parties to try to work out their discovery differences before burdening the Court with unnecessary motions for sanctions. Plaintiff's counsel then arrogantly ignored Defendant's motion for sanctions. Finally, after the Court granted that motion, Plaintiff failed to comply with the Court's order which required Plaintiff to respond fully to the discovery and pay Defendant $1,000 for his cost and expense in having to file the motion for sanctions. Now desperate to avoid a final judgment, Plaintiff's counsel offers nothing more than pleas for mercy with a promise that he will follow the Court's rules in future.

While the district court "sympathize[d] with the Plaintiff's plight," it stated that Allen "bears ultimate responsibility for his choice of counsel."

Allen filed his notice of appeal on April 29, 3008. This Court dismissed as untimely Allen's appeal to the extent it sought review of the district court's February 26, 2008 order dismissing his complaint, but permitted his appeal to proceed as to the April 4, 2008 order denying his Rule 60(b) motion for reconsideration. Therefore, we address only the district court's ruling on the Rule 60(b) motion.

## II. DISCUSSION

Allen's motion sought relief from the judgment under subsections (1) and (6) of Rule 60(b). Rule 60(b) provides that a district court may "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment,

7

order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).[6]

Relief under Rule 60(b)(6) is available only "upon a showing of exceptional circumstances." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993). Attorney error does not constitute exceptional circumstances for purposes of Rule 60(b)(6), and such claims for relief should be raised under Rule 60(b)(1). Solaroll Shade & Shutter Corp., 803 F.2d at 1133. Thus, the district court did not abuse its discretion in denying relief under Rule 60(b)(6).

Given the circumstances presented in this case, we also cannot say that the district court abused its discretion in denying the Rule 60(b)(1) motion. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993); In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). The only reason given for Allen's failure to comply fully with the district court's sanctions order was a vague and summary reference to "a breakdown in communication and organization." No declarations or other

_____

[6]We review a district court's order denying a Rule 60(b) motion for abuse of discretion. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1131-32 (11th Cir. 1986). To show abuse of discretion, the appellant must demonstrate not only a justification for relief, but "a justification so compelling that the court was required to vacate its order." Id. at 1132.

evidence was submitted to support this claim. Nor did Allen elaborate upon what was meant by such a breakdown.[7]

We agree with the district court that this explanation was insufficient to support a finding of excusable neglect. This is particularly true when considered in the context of Allen's counsel's other failures to respond to: (1) Dockery's discovery requests; (2) Dockery's good faith letter; and (3) the resulting motion to compel. Allen's counsel's prior conduct was not only dilatory but also non-responsive over a period of two months in violation of the Federal Rules of Civil Procedure and the district court's Local Rules.

We emphasize that this was not just a failure to meet a deadline imposed by court rules. The deadline Allen missed was imposed by a court order that explicitly warned Allen that a failure to comply would result in the dismissal of his case. Furthermore, there is no evidence in the district court record that Allen ever complied with the district court's order to pay Dockery $1,000. Indeed, Allen's

---

[7]On appeal, Allen's counsel attempts to offer a more detailed explanation for his failures, including attaching exhibits to his appeal brief filed for Allen. Specifically, Allen's counsel, Jim Smith, contends that his firm lost its other two attorneys, both of whom also had worked on Allen's case. Meanwhile, Smith went on vacation between December 21, 2007 and January 6, 2008, during the time discovery responses were due, and inadvertently failed to file a leave of absence with the district court. None of these facts or exhibits were before the district court when it ruled on the Rule 60(b) motion and, thus, we do not consider them. We note, in any case, that these facts do not explain why Jim Smith failed to respond to Dockery's good faith letter by January 7 or to Dockery's January 11 motion for sanctions or to comply fully with the district court's February 14 sanctions order.

9

Rule 60(b) motion did not even address his failure to pay the $1,000, let alone represent that payment was forthcoming. Given the history of dilatory and non-responsive conduct during discovery and the failure to pay the $1,000, we cannot say Allen's counsel's vague and conclusory justification was so compelling that the district court was required to vacate the final judgment.

**AFFIRMED.**