[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12821
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00164-JSM-PRL

CLAYTON ALBERS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN – USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 14, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Clayton Albers, a federal prisoner proceeding *pro se*, appeals the denial of his motion for reconsideration of the district court's dismissal, without prejudice, of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. In Albers' § 2241 petition, he stated that he was indigent and requested the waiver of all fees with the petition, and all other considerations afforded to *pro se* petitioners. He requested his letter be accepted in lieu of a standard § 2241 form. After over 30 days had passed since Albers' filing, the district court dismissed his petition without prejudice on the basis that he failed to pay the filing fee or request to proceed *in forma pauperis* (IFP) within 30 days of the filing of his petition, as required by the court's local rule. Albers filed a motion for reconsideration of the dismissal of his petition, claiming his statement of indigency in his petition should have been accepted in lieu of a formal application to proceed IFP. The district court denied the motion for reconsideration.

Albers contends the certification he was indigent in his original § 2241 petition sufficiently constituted a request to proceed IFP. He asserts he was never sent any forms, as required by the local rules. Thus, he contends his petition was erroneously dismissed.

Rule 60(b) allows a party to move a court for relief from a final judgment due to, in relevant part, mistake, inadvertence, surprise, or excusable neglect, or any other reason justifying relief. *See* Fed. R. Civ. P. 60(b)(1), (b)(6). Generally,

2

in reviewing an appeal of an order denying a motion for reconsideration, we may only consider the denial of relief of the motion for reconsideration, not the underlying judgment itself. *Rice v. Ford Motor Co.*, 88 F.3d 914, 918-19 (11th Cir. 1996).

The district court did not abuse its discretion in denying Albers' motion for reconsideration. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (stating we review a district court's denial of a motion for reconsideration for abuse of discretion). The record shows Albers had neither paid the required filing fee nor filed an application to proceed IFP with the district court within 30 days of filing his petition, in violation of the court's local rules. M.D. Fla. Local Rule 1.03(e) (stating a prisoner case "will be subject to dismissal by the Court, sua sponte, if the filing fee is not paid or if the application [to proceed IFP] is not filed within 30 days of the commencement of the action"). Albers has not identified any error under Rule 60(b) that justified relief such that the district court was required to vacate its initial order. *See Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("To demonstrate an abuse of discretion" in denying a Rule 60(b) motion, a movant "must prove some justification for relief . . . [and] cannot prevail simply because the district court properly could have vacated its order)." Although Albers argues the court should have accepted his statement that he was indigent in lieu of a formal application to

3

proceed IFP, he has not shown how the court's refusal to do so entitled to him relief under Rule 60(b).  Similarly, there is no authority that supports his contention that the court was required to send him the requisite application forms when it declined to accept his letter as a substitute for a formal application. Accordingly, we affirm.

**AFFIRMED.**