[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11245
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00545-KD-N

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

APPROXIMATELY $299,873.70 SEIZED
FROM A BANK OF AMERICA ACCOUNT,
ending in the number 5538 held by an individual identified as P.Q., et al.,

Defendants,

APPROXIMATELY $299,985.00 SEIZED
FROM A J.P. MORGAN CHASE ACCOUNT,
ending in the number 6781 held by an individual identified as W.W.,

Defendant - Appellant,

MINJUAN JIANG, et al.,

Claimants.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 28, 2020)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Weidong Wang appeals the district court's denial of his Rule 60 motion to set aside a default judgment of forfeiture of about $299,985.00 seized from a J.P. Morgan Chase bank account. We affirm the district court's denial.

**I**

This case arises out of the United States' investigation of interrelated money-laundering and visa-fraud schemes involving Chinese nationals. In connection with those schemes, the Government seized eighteen bank accounts in June 2016, including one in Weidong Wang's name containing about $299,985.00. The Government then filed a civil-forfeiture action for the funds in the eighteen accounts. On December 30, 2016, the Government sent notice to Wang at his address in China regarding the forfeiture action, and the delivery was signed for on January 3, 2017. The Government also posted a notice on an official government website. Other account owners received similar notices.

2

Some account owners appeared in the case and asserted claims to their respective funds.  Those claimants proceeded to trial in October 2019.  The jury found that all of the funds were connected to the fraud scheme, but that some of the claimants had proven innocent ownership.  On October 24, 2019, the court entered judgment on those claims.

Wang, however, did not assert a claim to his funds.  The United States moved for an entry of default on November 6, 2018.  The motion was also mailed to Wang, and he signed for the delivery on November 9.  The clerk of the court entered the default on November 7, and the United States then moved for default judgment of forfeiture of the $299,985.00 on November 13.  Again, a copy of the motion was sent to Wang, and his wife, Q. Qi, signed for the delivery on November 19.  That same day, the district court entered the default judgment of forfeiture.

Wang's first pleading in this case came precisely a year later—more than three years after the money was first seized and about three weeks after the trial for the other claimants concluded—when he filed his Rule 60(b) motion to set aside the default judgment.  The district court denied his motion.  We now review for abuse of discretion.  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

3

## II

Wang seeks relief from the default judgment under Rules 60(b)(1) and (b)(6). *See* Fed. R. Civ. P. 60(b)(1), 60(b)(6). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect." "To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the legal outcome, (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) good cause existed for failing to reply to the complaint." *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295 (quotations and citations omitted).

Wang has not satisfied any of these three factors. To show a meritorious defense, Wang must provide a defense "that probably would have been successful" in the action. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). A general denial of liability does not suffice. *Id.* Before us, Wang makes just such a general denial of liability, offering only a one-sentence assertion that if given an opportunity before the district court, he "likely would have produced sufficient documentation to show that he had a meritorious defense that might have affected the legal outcome." He has presented no

4

evidence to refute the United States' claim against the funds or to establish that he was an innocent owner.

Granting the motion also would result in prejudice to the United States. We have recognized that a non-defaulting party suffers some prejudice when a trial would occur long after the filing of the complaint. *See In re Worldwide Web Sys., Inc.*, 328 F.3d at 1297. Here, the United States has already tried the case regarding the other funds for which the claimants appeared. To grant relief from default judgment might require the United States to marshal resources to try a similar case more than four years after it filed its complaint.

Finally, Wang has not offered good cause for his failure to reply to the complaint. He argues that the initial delivery of Notice of Forfeiture on January 3, 2017 was accepted by his family's nanny, and that he never received it. According to Wang, he first learned of the lawsuit in November 2018, when he and his wife signed for the motion for an entry of default and a motion for an entry of default judgment. Because he does not speak English and does not understand the United States court system, he says that he had to both find someone to translate the documents and then find an attorney in Alabama to respond to them. But even if Wang did not learn of the default judgment until November 2018, he does not explain why it took him a year to respond. The district court inferred that his delay was not coincidental. Wang waited until favorable judgments were returned to

5

some claimants before moving for relief from default judgment. The district court did not abuse its discretion in denying Wang's motion on Rule 60(b)(1) grounds.

In the alternative, Wang seeks relief under Rule 60(b)(6), a catchall provision that authorizes relief for "any other reason that justifies [it]." "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *United States v. Certain Real Prop. Located at Route 1*, 126 F.3d 1314, 1318 (11th Cir. 1997) (quoting *Griffin v. Swim-Tec Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin*, 722 F.2d at 680. The grounds for relief under Rule 60(b)(6) are mutually exclusive of the grounds for relief under 60(b)(1). *Solaroll Shade*, 803 F.2d at 1133. Wang makes the same arguments for his (b)(6) motion as his (b)(1) motion, citing the language barrier and geographical distance to excuse his failure to respond. These arguments do not show the sort of "extreme" and "unexpected" hardship necessary to succeed under Rule 60(b)(6).

We **AFFIRM**.

6