[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11933

Non-Argument Calendar

_____

MESFIN SOLOMON SHIBESHI,

                                                   Plaintiff-Appellant,

*versus*

E★TRADE SECURITIES, LLC

                                                   Defendant- Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-04603-LMM

_____

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

After an arbitration panel ruled against appellant Mesfin Solomon Shibeshi and in favor of appellee E*TRADE Securities, LLC, Shibeshi filed a lawsuit seeking to vacate the arbitration award. In the lawsuit, the district court entered a judgment in favor of E*TRADE. Approximately three months after the district court entered the judgment, Shibeshi filed a Rule 60(b) motion, seeking to set it aside. The district court denied the motion. Shibeshi then filed a motion for reconsideration, which the district court also denied. On appeal, Shibeshi challenges the denials of his post-judgment motions. After careful consideration, we affirm.

## I.

In April 2021, Shibeshi, proceeding *pro se*, initiated an arbitration with the Financial Industry Regulatory Authority, alleging that E*TRADE mismanaged his margin account and its actions deprived him of stock worth approximately $500,000. After a hearing, the arbitration panel ruled in favor of E*TRADE on all claims.

Shibeshi then sought to vacate the arbitration award. In June 2022, proceeding through counsel, he filed in Georgia state court an application to vacate the arbitration award. But he failed to serve E*TRADE, and in September 2022, the state court dismissed the case.

The day after the dismissal, Shibeshi, again proceeding through counsel, filed in state court a second application to vacate the arbitration award. This application was three pages long and sought vacatur on the basis that the arbitration panel was not impartial, failed to follow proper procedures, and showed a manifest disregard of the law. E*TRADE removed the case to federal court and filed an answer.

In January 2023, the district court entered a case management order. It directed the parties to file any dispositive motions within 30 days.

On February 17, 2023, E*TRADE timely filed a motion for judgment on the pleadings. It argued that Shibeshi's application failed to state a claim that the arbitration award should be vacated because he failed to plead any facts to support his assertions that the arbitration panel was not impartial, failed to follow procedures, or showed manifest disregard for the law. E*TRADE filed the motion through the court's CM/ECF system. Shibeshi failed to respond to the motion.

After Shibeshi failed to respond, the district court granted the motion for judgment on the pleadings. The court did not grant the motion simply because it was unopposed. Instead, the court reviewed Shibeshi's application and then concluded that he failed to state a claim for vacatur of the award. It entered a judgment dismissing the action without prejudice.

In June 2023—approximately four months after the court's deadline for filing dispositive motions and three months after the

case was dismissed—Shibeshi filed a motion to vacate the district court's judgment and reopen the case. His attorney represented that the last filing notice he received from the court's electronic filing system was the January 2023 order directing the parties to file dispositive motions within 30 days. The attorney denied receiving any notice regarding the motion for judgment on the pleadings or the court's order granting that motion. He reported that after receiving no notice of filings in the case for four months, he checked the electronic docket and saw for the first time the motion for judgment on the pleadings and the order granting that motion.

Shibeshi asserted that he had not been served with the motion for judgment on the pleadings. He asked the court to set aside the judgment and give him a reasonable time to respond to the motion. He sought this relief under Federal Rule of Civil Procedure 60(b)(1), which allows a court to grant relief from a final judgment based on "excusable neglect," and Rule 60(b)(6), which allows a court to grant relief from a final judgment based on "any other reason that justifies relief." E★TRADE opposed the motion.

The district court denied the Rule 60 motion. It concluded that the judgment should not be set aside under Rule 60(b)(1) based on excusable neglect. It considered the following factors in deciding whether there was excusable neglect: the danger of prejudice to E★TRADE, the length of delay and its potential impact on the proceedings, the reason for the delay, and whether Shibeshi acted in good faith.

The court determined that all the factors except the last one weighed against Shibeshi. First, the court found that setting aside the judgment would prejudice E★TRADE, which had acted diligently to move the case forward. The court noted that even though Shibeshi had not filed any opposition to the motion for judgment on the pleadings, the court had ruled on the merits of the motion. It observed that in the Rule 60(b) motion Shibeshi had "not attempted to make a showing that any response he might file would cause the [c]ourt to reach a different conclusion." Doc. 15 at 5.[1]

Second, the court concluded that the length of delay and its impact on the proceedings weighed against Shibeshi. The court noted that Shibeshi's attorney admitted receiving the January 2023 order, which directed the parties to file dispositive motions within 30 days. Despite knowing that dispositive motions were due at the end of February, he went months without checking the docket to see if anything had been filed. The court further determined that reopening the proceedings would negatively affect its resources because it had already considered the merits of the motion for judgment on the pleadings.

Third, the court considered the reason for the delay. It found "little reason" to believe that the filing notice had not been sent to Shibeshi's attorney, noting that he was registered to use the court's electronic filing system and the docket contained receipts showing

---

[1] "Doc." numbers refer to the district court's docket entries.

that the system had sent him electronic notices.[2] *Id.* at 6. The court again emphasized that Shibeshi's attorney received the order setting the deadline for dispositive motions and thus should have known to check the docket to see whether any had been filed. The court thus concluded that this factor weighed against Shibeshi.

Fourth, the court considered whether Shibeshi acted in good faith. It accepted that this factor weighed in Shibeshi's favor, stating there was "little reason to believe that [Shibeshi] did not act in good faith." *Id.* After concluding that three of the four factors "weigh[ed] heavily" against Shibeshi, the court determined that the judgment should not be set aside under Rule 60(b)(1) due to excusable neglect. *Id.*

The court also considered whether to set aside the judgment under Rule 60(b)(6). It explained that relief under Rule 60(b)(6) was an "extraordinary remedy" available only in "exceptional circumstances." *Id.* (internal quotation marks omitted). It concluded that Shibeshi had not demonstrated the existence of exceptional circumstances.

Approximately one month after the district court denied the Rule 60(b) motion, Shibeshi filed a motion for reconsideration. His

---

[2] The court acknowledged that the certificate of service filed with E★TRADE's motion for judgment on the pleadings contained an error because it identified the wrong filing, stating that E★TRADE had filed and served a notice of removal. But the court concluded that this error was immaterial because under the Northern District of Georgia's procedures, no certificate of service is required when a party serves a filing through the court's electronic filing system.

attorney represented that he had recently learned that his law firm's email system had been quarantining electronic filing notices sent from the Northern District of Georgia. Because the email system had quarantined the notice for E*TRADE's motion for judgment on the pleadings, Shibeshi argued, he was never served with the motion and thus "was under no obligation to respond to it." Doc. 16-1 at 4. Although Shibeshi conceded that it might have been a "better practice" for his attorney to check the docket immediately after the deadline for dispositive motions, he asserted that it was "not unreasonable" for his attorney to assume that because he received no notice, no motion had been filed. *Id.* at 5. E*TRADE opposed the motion for reconsideration.

The district court denied the motion for reconsideration. It explained that appropriate grounds for reconsideration included "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice." Doc. 18 at 3. After considering the new evidence about the law firm's email system, the court concluded that reconsideration was not warranted. It again determined that because Shibeshi's attorney was "on notice of the dispositive-motion deadline," he should not "have neglected to check the docket for at least 3 ½ months after that deadline." *Id.* at 6.

The court also concluded that reconsideration was not required to prevent a manifest injustice. It explained that Shibeshi "still has made no attempt to file a proposed response to the motion

for judgment on the pleadings" or "why any response he might have filed would have caused" the court to deny that motion. *Id.*

This is Shibeshi's appeal. Although he was represented by counsel in the district court, he is proceeding *pro se* on appeal.

## II.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). To meet that standard, it is not enough to show that "the district court properly could have vacated its order. Instead, [the] appellant must demonstrate a justification so compelling that the court was required to vacate its order." *Id.* (internal quotation marks omitted).

We review the denial of a motion for reconsideration for abuse of discretion. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

We liberally construe an appellate brief filed by a *pro se* litigant. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

The issue before us is whether the district court abused its discretion in denying Shibeshi's Rule 60(b) motion, which sought to set aside the final judgment, and his later motion seeking reconsideration of the order denying the Rule 60(b) motion. We conclude that the district court did not abuse its discretion when it denied these motions.

Rule 60(b)(1) provides, in relevant part, that a court may relieve a party from a final judgment or order based on "excusable neglect." Fed. R. Civ. P. 60(b)(1). The decision "whether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (internal quotation marks omitted). The factors a court weighs include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

We have expressed "wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere*, 996 F.2d at 1115. An attorney's negligent failure to respond to a motion generally does not constitute excusable neglect, even though this result "appears to penalize innocent clients for the forgetfulness of their attorneys." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986); *see United States v. Davenport*, 668 F.3d 1316, 1325 (11th Cir. 2012) ("[R]epresented parties are not entitled to relief simply because they were penalized by the omissions of counsel."). When a court grants a dispositive motion to which a party failed to respond, the resulting order "does not abbreviate the adversary process. Rather, it prevents a party's negligence from unduly extending that process." *Solaroll Shade*, 803 F.2d at 1133.

The district court did not abuse its discretion when it concluded that there was no excusable neglect here. The record reflects that the court applied the appropriate standard when it considered the four applicable factors to determine whether there was excusable neglect.

In addition, after considering these factors, we cannot say that Shibeshi demonstrated a justification so compelling that the district court was required to vacate its earlier order and find excusable neglect. *See Cavaliere*, 996 F.2d at 1115. The record before us shows that E★TRADE electronically filed its motion for judgment on the pleadings, which means the motion was served upon Shibeshi. *See* Fed. R. Civ. P. 5(b)(2)(E) (stating that a paper is served by "sending it to a registered user by filing it with the court's electronic-filing system"). Shibeshi's attorney should have received a notice from the court's electronic filing system alerting him that the motion had been filed. But he did not receive the notice because his email system quarantined the notice, treating it as spam. But the Northern District of Georgia's administrative procedures related to electronic filing, which are incorporated into its local rules, make clear that it is an *attorney's* responsibility to monitor his email system's spam filter to ensure that he is receiving notices of electronic filing. Given the attorney's responsibility to ensure that he was receiving the court's notices of electronic filings, we conclude that the district court did not abuse its discretion in concluding that there was no excusable neglect.

We also conclude that the district court did not abuse its discretion when it declined to vacate the judgment under Rule 60(b)(6). This rule permits a district court to relieve a party from a final judgment or order of the court "for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). We have explained that subsections (b)(1) and (b)(6) of Rule 60 are mutually exclusive, meaning "a court cannot grant relief under [Rule 60](b)(6) for any reason which the court could consider under [Rule 60](b)(1)." *Solaroll Shade*, 803 F.2d at 1133. Here, Shibeshi sought relief under Rule 60(b)(6) based on excusable neglect. Because excusable neglect is squarely covered by Rule 60(b)(1), the district court properly denied relief under Rule 60(b)(6). *See id.*

For the reasons given above, we conclude that the district court did not abuse its discretion when it denied Shibeshi's Rule 60(b) motion or his motion for reconsideration.[3]

**AFFIRMED.**

---

[3] In this appeal, E★TRADE filed a motion to strike Shibeshi's appellate brief. It argues that he failed to comply with Federal Rule of Appellate Procedure 28(a), which sets forth the requirements for an appellant's brief. After reviewing Shibeshi's brief and considering the liberal construction afforded to the filings of a *pro se* litigant, we DENY the motion.