[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11350
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-23933-JLK

MICHAEL ATTEA,

Plaintiff-Appellant,

versus

UNIVERSITY OF MIAMI,
(Miller School of Medicine),
a Florida Non-Profit Corporation,
ROBERT HERNANDEZ, M.D.,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 19, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Attea, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the defendants on claims that he brought pursuant to the Americans with Disabilities Act , 42 U.S.C. § 12181, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, and supplemental state law claims.  He also appeals the district court's refusal to grant him additional time to respond to the defendants' summary judgment motions and its striking of the responses he did file.  Finally, he appeals the district court's denial of the motions he filed pursuant to Federal Rules of Civil Procedure 59 and 60.  We will address each point in turn.

## I.

Attea's first argument is that the district court erred in granting summary judgment to the defendants.  Although we construe *pro se* briefs liberally, we will not act as *de facto* counsel for litigants, and a *pro se* litigant who offers no substantive argument on an issue in his brief abandons the issue on appeal.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  A party fails to adequately "brief" a claim when he does not "plainly and prominently" raise it, "for instance by devoting a discrete section of his argument to those claims." *Cole v. U.S. Att'y*

2

*Gen.,* 712 F.3d 517, 530 (11th Cir. 2013) (internal marks and quotation marks

omitted).  Furthermore, we review a grant of summary judgment *de novo*,

construing the facts and drawing all reasonable inferences from those facts in the

light most favorable to the nonmovant.  *Holly v. Clairson Indus., LLC,* 492 F.3d

1247, 1255 (11th Cir. 2007).

Here, Attea has abandoned all of his claims on appeal by failing to offer any

meaningful legal arguments in support of his position.  Furthermore, under *de novo*

review, we discern no error in the district court's judgment.

## II.

Next, Attea argues that the district court erred in not providing him with

additional time to respond to the defendants' motions for summary judgment, in

striking the responses he did file, and in failing to consider the points raised in

those filings.

We review denials of extensions of time, decisions to strike a party's

pleadings, and refusal to consider a plaintiff's untimely responsive filings for abuse

of discretion.  *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004).

(affirming summary judgment and holding that the district court did not abuse its

discretion in denying the plaintiff's fifth request for an extension of time and

refusing to consider the plaintiff's untimely responses to the defendants' summary

judgment motions).  Under this standard, "[t]he district court has a range of

options; and so long as the district court did not commit a clear error in judgment, we will affirm the district court's decision." *Id.*

Here, Attea's counsel asked for, and was granted, multiple extensions of time to respond to the summary judgment motions, totaling approximately two months in which to respond. Despite being given numerous extensions, and repeatedly warned about the consequences of failing to timely file, Attea managed to only file one responsive document by the deadline, which did not comply with the requirements of Fed. R. Civ. P. 56(c). Under these circumstances, the district court had a range of choices, and its decision to deny further extensions and strike Attea's responses was not a "clear error in judgment." *Young*, 358 F.3d at 863-64. Thus, the district court did not abuse its discretion in refusing to grant Attea additional time to respond or in striking his responses.

### III.

Finally, Attea argues that the district court erred in denying his post-judgment motions, made pursuant to Federal Rules of Civil Procedure 59 and 60(b).

Here, Attea provided no argument whatsoever on this issue in his opening brief. Thus, we may consider this issue abandoned. *See Timson*, 518 F.3d at 874. Any arguments that were raised for the first time in his reply brief are insufficient. *See id.*

4

**AFFIRMED.**