[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11450
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-23933-JLK


MICHAEL ATTEA,

Plaintiff-Appellant,

versus

UNIVERSITY OF MIAMI,
Miller School of Medicine,
a Florida Non-Profit Corporation,
ROBERT HERNANDEZ,
M.D.,
MARK O'CONNELL,
M.D.,
ANA CAMPO,
M.D.,
A CAREER COUNSELING CENTER, INC.,
a Florida for Profit Corporation,
d.b.a. Physician's Development Program, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 7, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Attea, proceeding pro se, appeals the district court's order denying his motions for an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 and for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) in his suit brought under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq. (2012), and the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (2012).  Attea previously appealed, among other things, an order granting summary judgment for the defendants, and we affirmed that ruling.  See Attea v. Univ. of Miami, No. 15-11350 (11th Cir. Apr. 19, 2016) (unpublished) (per curiam).  He now argues that he is entitled to relief under Rule 60(b)(3) because the defendants made misrepresentations during discovery, changed words in documents, changed their testimony during discovery, and withheld discoverable documents.  He also argues that his former counsel intentionally sabotaged his case, and that the district court erred in granting summary judgment.

2

I.

Although we construe pro se briefs liberally, we will not act as de facto counsel for litigants, and a pro se litigant who offers no substantive argument on an issue in his brief abandons the issue on appeal.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); see also Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (deeming an issue to be abandoned where the plaintiffs made a single reference to it in their brief, did not discuss the district court's analysis of that issue, and did not make any legal or factual argument as to why the district court's decision was in error).  A party fails adequately to brief a claim when he does not plainly and prominently raise it, for instance, by devoting a discrete section of his argument to that claim.  Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013).  Passing references to an issue do not suffice.  Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Attea has abandoned his claim on appeal as to his motion for an indicative ruling by failing to offer any meaningful legal arguments in support of his position. See Timson, 518 F.3d at 874; see also Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (deeming an issue to be abandoned where the plaintiffs made a single reference to it in their brief, did not discuss the district court's analysis of that issue, and did not make any legal or factual argument as to why the district court's decision was in error).  He does not plainly and prominently raise

3

the issue in a way that shows that he intends to appeal the denial of the motion for indicative ruling as well as the denial of the Rule 60(b)(3) motion as two separate issues. See Cole, 712 F.3d at 530. His one passing reference does not suffice. See Greenbriar, 881 F.2d at 1573 n.6. We will not address issues that Attea raises for the first time in his reply brief. See Timson, 518 F.3d at 874.

## II.

We review the denial of a Rule 60(b) motion for an abuse of discretion. Bender v. Mazda Motor Corp., 657 F.3d 1200, 1202 (11th Cir. 2011). To demonstrate an abuse of discretion in the Rule 60(b) context, the appellant must "demonstrate a justification so compelling that the court was required to vacate its order." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986)).

Rule 60(b)(3) allows a court to relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). The movant has the burden of proving that assertion by clear and convincing evidence. Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978).[1] Evidence of an opposing party's carelessness is insufficient to justify

---

[1] We are bound by decisions of the Fifth Circuit issued prior to October 1, 1981. Bonner v. City of Prichard, Al., 661 F.2d 1206 (11th Cir. 1981).

relief.  First Nat'l Life Ins. Co. v. Cal. Pac. Life Ins. Co., 876 F.2d 877, 883 (11th Cir. 1989).  Litigants cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."  Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

Under the law-of-the-case doctrine, "an appellate decision is binding in all subsequent proceedings in the same case unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice."  Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506, 1510–11 (11th Cir. 1987) (en banc).

The district court did not abuse its discretion by denying Attea's Rule 60(b)(3) motion.  First, the purported instances of fraud that Attea pointed to in discovery documents and deposition testimony at most amounted to carelessness, and were insufficient to justify relief.  See First Nat'l Life Ins. Co., 876 F.2d at 883.  Second, Attea did not demonstrate that the defendants knowingly withheld discovery documents.  See Rozier, 573 F.2d at 1341–42.  Attea did not meet his burden of showing clear and convincing evidence of fraud, misrepresentation, or

5

misconduct under Rule 60(b)(3) because he presented slight, if any, evidence that any fraud, misrepresentation, or misconduct occurred. See id. at 1339.

Moreover, Attea's motion does not identify anything that has happened since the entry of summary judgment and denial of his first Rule 60(b) motion that would warrant relief. It focuses on fraud and misrepresentation during the discovery process, which is not new evidence. See Wilchombe, 555 F.3d at 957.

To the extent that Attea argues that his former counsel committed fraud, misrepresentation, or misconduct, that is an improper claim to bring in a Rule 60(b)(3) motion because that rule only deals with fraud, misrepresentation, or misconduct by an opposing party. See Fed. R. Civ. P. 60(b)(3). Therefore, Attea has not presented any arguments that show that the district court abused its discretion and must be compelled to vacate its order. See Cavaliere, 996 F.2d at 1115; Bender, 657 F.3d at 1202.

Finally, to the extent that Attea attempts to reargue his appeal of the order granting summary judgment in the defendants' favor, we have already decided that issue, thus the argument is barred by the law-of-the-case doctrine. See Attea v. Univ. of Miami, No. 15-11350; Litman, 825 F.2d at 1510–11.

Accordingly, we AFFIRM the district court's rulings on Attea's motions under Rule 60 and Rule 62.1.

**AFFIRMED.**